## S. D. HATHAWAY, *et al.,* v. DAVIS & RANKIN, *et al.*

1. MECHANICS' LIEN; *Leasehold Estate.* A mechanics' lien, or lien for materials and labor, may attach to a leasehold estate.

2. ——— A leasehold estate may include buildings, fixtures and machinery, placed upon the real estate by the tenant.

3. LEASEHOLD ESTATE; *Extent of Lien.* Such a lien may attach to the leasehold estate, including the buildings, fixtures and machinery placed upon the real estate by the tenant, although the tenant may have the right and privilege of removing such buildings, fixtures and machinery from the leased premises.

### Error from Clay District Court.

ACTION brought by D. J. Davis and Thomas Rankin, partners as *Davis & Rankin,* against C. M. Faulkner and O. J. Lyman, partners as Faulkner & Lyman, and *S. D. Hathaway* and others, to foreclose a mechanics' lien. Trial by the court, at the January Term, 1884, upon an agreed statement of facts. The opinion states the material facts, and the nature of the judgment rendered thereon. Defendants *Hathaway* and *Moss* bring the judgment here for review.

*Harkness & Godard,* for plaintiffs in error.

*E. W. McJunkin,* for defendants in error Davis & Rankin; *C. M. Anthony,* for defendant in error Heckert.

The opinion of the court was delivered by

VALENTINE, J.: The questions involved in this case are simply with reference to the validity and priority of certain liens claimed to exist upon certain real estate, buildings, fixtures and machinery, belonging to the firm of Faulkner & Lyman. The facts are substantially as follows: Originally, D. H. Culp owned 160 acres of land, ten acres of which he leased to Faulkner & Lyman for the purpose that they might erect and operate a creamery thereon. This lease was "for the term of one year, with the privilege of five years, from December, 1882, said Faulkner and Lyman to have the privilege of removing any and all improvements and buildings erected and placed thereon by them." Two buildings were erected thereon by Faulkner & Lyman, one being the creamery and ice-house, and the other the mill-house. Heckert, from December, 1882, up to March 17, 1883, furnished the lumber for the erection of these buildings. Davis & Rankin, from March 5, 1883, up to April 28, 1883, furnished the machinery, fixtures and appliances for the creamery. On March 19, 1883, Faulkner & Lyman gave to S. D. Hathaway a chattel mortgage on all the machinery, fixtures, appliances, goods and chattels used about the creamery, and the mortgage was duly filed in the office of register of deeds on March 20, 1883. On June 6, 1883, Culp executed a warranty deed to Faulkner & Lyman for one acre of said ten-acre tract of land. This one acre included all the land upon which the creamery was situated. On July 3, 1883, Faulkner & Lyman executed another chattel mortgage to Hathaway upon the aforesaid mortgaged property. On July 14, 1883, Heckert filed his statement for a mechanics' lien. On August 9, 1883, Davis & Rankin filed their statement for a mechanics' lien.

It seems to be admitted that these statements were regular, and filed in proper time to procure a lien, provided that any of the property mentioned in the statements, and now in controversy, was subject to such a lien. On August 3, 1883, Moss attached the said one acre of land in an action brought by him

against Faulkner & Lyman. On August 14, 1883, Davis & Rankin commenced this action to foreclose their mechanics' lien, making Faulkner & Lyman, Hathaway, Moss and Heckert parties defendant. On August 27, 1883, Hathaway offered for sale under his first chattel mortgage all the property covered by his two mortgages, and sold it to himself. On August 21, 1883, Moss obtained a judgment in his said action against Faulkner & Lyman, and an order for the sale of the attached property. Moss and Faulkner & Lyman were the only parties to that action.

This present case was submitted to the court below without a jury upon an agreed statement embodying substantially the foregoing facts, and the court rendered judgment, giving to Heckert a first lien upon the leasehold property, and to Davis & Rankin a second lien thereon, and to Hathaway a third lien thereon, and to Moss a fourth lien thereon, and to Moss a first lien upon Faulkner & Lyman's interest in the one acre of land conveyed to them by the warranty deed of Culp, except their leasehold interest therein as aforesaid. Is this judgment correct? There is no contest in this court between Heckert and Davis & Rankin, or between Hathaway and Moss, but the contest in this court is simply between Hathaway and Moss, the plaintiffs in error, on the one side, and Davis & Rankin and Heckert, the defendants in error, on the other side. We think the judgment of the court below is correct. About the only ground upon which it is claimed that it is not correct is the claim that a leasehold interest in real estate is not the subject of a mechanics' lien, or a lien for material or labor furnished in making improvements upon real estate; and it is claimed that this is especially true in the present case, where the tenant has the privilege of removing all the improvements placed upon the leased premises. The statute with reference to this subject provides, among other things, as follows:

"Any mechanic, or other person, who shall, under contract with the owner of any tract or piece of land, . . . perform labor, or furnish material for erecting, altering, or repairing, any building, or the appurtenances of any building, or any erection or improvement, or shall furnish or perform labor

in putting up any fixtures or machinery in or attachment to any such building or improvement, . . . shall have a lien upon the whole tract or piece of land, the buildings and appurtenances, in the manner herein provided, for the amount due him for such labor or material, fixtures or machinery." (Civil Code, §630.)

This statute as it now stands has never been limited or modified by any other statute. Prior to 1871 a similar statute, however, was limited or modified, as follows:

"The lien shall not extend to the erection or repairing of any building or improvement, or the putting up of any fixtures or machinery, by a tenant or other person not the owner of the land upon which the building is situated or other improvements made, except only to the extent of the interest of such tenant or other person." (Laws of 1870, ch. 87, §22.)

But this limitation or modification, if it may be deemed to be such, was repealed in 1871. (Laws of 1871, ch. 97, §10.) We think the word 'owner,' in the statute as it now exists, is comprehensive enough to include an owner of a leasehold estate, as well as the owner of a greater estate. In the case of *Chouteau v. Thompson*, 2 Ohio St. 114, 123, the supreme court of Ohio, in construing a similar statute, uses the following words, to wit:

"The word 'owner,' in the first section of the act, is not limited in its meaning to an owner of the fee, but includes also an owner of a leasehold estate. If the ownership is in fee, the lien is upon the fee; if it is of a less estate, the lien is upon such smaller estate. To hold that an owner in fee only is meant, would be directly subversive of the policy of the act, and in a great degree render it useless."

We think a mechanics' lien or lien for material or labor may attach in any proper case to a leasehold estate; and the fact that the tenant may have a right to remove his buildings, fixtures and machinery from the leased premises, instead of lessening the lien or preventing it from attaching to the leasehold estate, will, as we think, enlarge the lien and enable the lien-holder to obtain a greater interest in the leased premises. The privilege of moving the buildings, fixtures and machinery from the leased premises will not operate to the detriment of the

lien-holder, but will inure to his benefit. Neither do we think that the fact that for some purposes and under some circumstances the buildings, fixtures and machinery put upon the leased premises by the tenant may be considered as personal property, can have the effect of preventing the-lien from attaching. For the purposes of the lien, in such a case the leasehold interest will include the right to the buildings, fixtures and machinery, and the right to remove them and the whole of such leasehold interest with the buildings, fixtures and machinery, will be considered as an interest in the real estate, and under the circumstances the lien will attach to all. The statute giving liens for material and labor expressly and specifically mentions buildings, fixtures and machinery, and it was intended by the statute that such liens should attach to the buildings, fixtures and machinery, as well as to the whole of the estate owned by the party contracting for them.

Whether any such lien can attach to buildings, fixtures and machinery, independent of a leasehold or other interest in real estate, it is not necessary in this case to determine, for no such question is involved in the case. We simply hold that, under the circumstances of this case, the liens for materials and labor attach to the entire leasehold interest, including the buildings, fixtures and machinery. Of course such liens do not attach to the purely personal property, and the court below did not hold that they did. None of the purely personal property was included in the judgment, for the enforcement of the liens of Heckert and Davis & Rankin. For authorities upon the questions involved in this case, see note to the case of *Lyon v. McGuffey,* 45 Am. Dec. 675, 678.

The judgment of the court below will be affirmed.

All the Justices concurring.