Huff v. Jolly.

BYRON HUFF *et al.* v. ANNIE JOLLY *et al.*

MECHANICS' LIEN, *Not Created.* H. had authority to negotiate for the sale of town lots owned by the L. & L. Co. at a certain price, part to be paid in cash and the balance on time, and the contracts with the proposed purchasers were to be reduced to writing and forwarded to the owner for approval, and were *not to be effective* until payment was made and the contracts so approved. J. & Co. inquired of H. the price of a lot, and stated that they would take the same; but while they were acquainted with the terms and conditions of sale, they never made any payment on the lot nor entered into a written contract of purchase. Under an agreement with J. & Co., H. & M. erected a building on the lot, without the knowledge or consent of the L. & L. Co. *Held*, That J. & Co. had no interest or estate in the lot, and could not create a lien on the lot or building for the labor and material furnished by H. & M.

*Error from Norton District Court.*

ACTION to recover money and to enforce a mechanics' lien. The opinion states the material facts.

*S. D. Decker,* for plaintiffs in error.

*J. W. Dawson,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action by Huff & Myers, a firm of contractors, to recover $840.25 from F. M. Jolly & Co., for material and labor furnished in the erection of a building on lots 9 and 10, of block 7, in the town of Almena, against which they seek to enforce a lien. Several parties who claimed an interest in the premises, among whom were Annie Jolly and Charles N. Van Cleave, were made parties defendant. The court awarded plaintiffs a judgment against F. M. Jolly & Co. for $735, and decreed that $136.10 of that sum was a lien on lot 10, but found that the plaintiffs were not entitled to a lien on lot 9, and the decree entered quieted the title of Charles N. Van Cleave to that lot against the claim of the plaintiffs. There were other findings and orders affecting

other defendants, who do not complain, and need no particular mention here.

The ground of error assigned is, that the court refused to hold that the plaintiff's claim was a lien on lot 9; but it appears that F. M. Jolly & Co., with whom they contracted to erect the building; had no interest in the lot, and did not by their contract with plaintiffs charge the same with a lien for the improvements made thereon.   F. M. Jolly was the owner of lot 10, upon a portion of which a building was erected, and he and his partner desired to erect an addition to that building, and also to purchase lot 9 for that purpose.   Lot 9 was owned by the Lincoln Land Company at that time, and W. Harmison had been authorized by an agent of that company at Lincoln, Nebraska, to negotiate for the sale of that and other lots upon certain terms and conditions.   Contracts of sale were to be made in writing and forwarded to Lincoln for the approval of the company, and were without force until they were so approved.   One-third of the price was to be paid at the time of sale, and the balance in installments at future times.   Jolly ascertained from Harmison the price of the lot, and told him he would take it at the price named, but did not then make any payment nor enter into any contract.   Shortly afterward they began the foundation of the building, which covered lot 9 and a portion of lot 10; and Harmison, observing that the foundation was commenced, called the attention of Jolly to the fact that no contract had been made, and advised him to get a contract from the company before proceeding with the building.   He replied that he would come up that night and make a payment on the lot and have a contract written out, but he failed in this, and neither he nor his partner ever entered into a contract with the company for the purchase of the lot, or made a payment thereon.   Shortly afterward the company sold the lot to another, and the purchaser conveyed the same to Van Cleave, the defendant in error.

We agree with the district court, that F. M. Jolly & Co. cannot under the statute be regarded as an owner of the lot,

and could not create a lien thereon. It cannot be said that there was a purchase of the lot, or even that a contract of purchase was made. They were warned that to acquire any rights a contract with the company and a payment of money were essential. The possession was not taken by them with the consent of the company, nor does it appear that it had knowledge of the possession, or that the improvement was being made. We are not disposed to place a narrow or illiberal interpretation upon the ownership necessary to the creation of a mechanics' lien, (*Lumber Co. v. Osborne,* 40 Kas. 168,) but such a lien can only be created by the voluntary act or sanction of one who is either a legal or equitable owner. The persons with whom plaintiffs contracted neither purchased nor paid for the property; and this the plaintiffs could easily have ascertained. They should have exercised some care and caution as to whether their employers had such an interest in the property as they could subject to a lien for the labor and materials furnished. Under the statute no lien attaches to the building unless the person with whom the contract is made has some interest or estate in the land on which it is situate. The lien is upon the realty with the building attached to the extent of the ownership of the one who contracted for the construction of the building, and no farther; and if there is no ownership, there is no lien on either land or building. (Phillipps, Mech. Liens, § 136.)

Judgment affirmed.

All the Justices concurring.