THE CHICAGO LUMBER COMPANY V. A. K. FRETZ *et al.*

1. MECHANIC'S LIEN — *Priority.* A party in open, undisputed possession of real property, who afterwards receives a conveyance of the legal title thereto from the holder thereof, has such a title as will enable him to create a mechanic's lien thereon as against mortgagees and grantees of himself.

2. CASES, *Distinguished.* The cases of *Huff v. Jolly*, 41 Kas. 537, and *Lumber Co. v. Schweiter*, 45 id. 207, cited and distinguished.

*Error from Harvey District Court.*

ACTION by the *Chicago Lumber Company* against *Fretz* and others to enforce a mechanic's lien. Judgment for the defendants at the January term, 1889. The plaintiff brings the case to this court. The facts are stated in the opinion.

*Willard Kline,* for plaintiff in error:

The court erred in giving judgment against plaintiff in error and in favor of defendants in error on the findings of the jury. A mechanic's lien or lien for material may attach to a lesser estate than an estate in fee. It may attach to a leasehold estate. *Hathaway v. Davis*, 32 Kas. 693; *Chouteau v. Thompson*, 2 Ohio St. 114–123; *Lyon v. McGuffey*, 45 Am. Dec. 675–678, and note. See, also, *Thomas v. Mowers*, 27 Kas. 269; *Dubois v. Wilson*, 21 Mo. 213; *Davis v. Bisland*, 85 U. S. 659; *Neilson v. I. E. Rly. Co.*, 44 Iowa, 7; *Meyer v. Construction Co.*, 100 U. S. 457; Phil. Mech. Liens, 2d ed., 380, §§ 69, 227; *Hahn's Appeal*, 39 Pa. St. 409; *Warden v. Sabins*, 36 Kas. 165; *Lumber Co. v. Osborn*, 40 id. 168.

"To obtain a lien for materials furnished under ¶ 4733, General Statutes of 1889, it is not necessary to show that the party to whom the materials were furnished had a complete title when the contract for the material was made. It is sufficient if at the time he has equitable title." *Mortgage Trust Co. v. Sutton*, 46 Kas. 166. See, also, *Rollins v. Cross*, 45 N. Y. 767; 42 Conn. 96.

"A person in possession of real estate under a verbal contract to convey the fee-simple title to him is an owner thereof within the meaning of our statute relating to material men's liens, and may subject his interest therein to such a lien." *Drug Co. v. Brown*, 46 Kas. 543.

The case of *Lumber Co. v. Schweiter*, 45 Kas. 207–209, is in no way like the case at bar.

*Ady, Peters & Nicholson*, and *Rossington, Smith & Dallas*, for defendants in error:

In the case of *Carr v. Hooper*, 48 Kas. 253, this court found that the existence of a lien and the priority of the lien-holders were questions for the court and not for the jury. The trial court having heard the testimony, its decision will not be reversed or set aside by this court. *Mortgage Trust Co. v. Sutton*, 46 Kas. 166.

The only question in this case is, whether or not A. K. Fretz had a title in and to the property described in plaintiff's petition to which a mechanic's lien would attach. There is nothing in the testimony which proves or tends to prove that the defendant A. K. Fretz ever acquired any interest or claim in said premises prior to June 1, 1887, except that he was in possession. The claim of plaintiff depends on the right of Fretz to subject the property to a lien; and only the interest of the contracting party can be subjected to the lien, and if he has no interest there is nothing to which a lien can attach. *Lumber Co. v. Schweiter*, 45 Kas. 207, and cases therein cited. See, also, *Huff v. Jolly*, 41 Kas. 537; *Lumber Co. v. Wilson*, 19 S. W. Rep. (Ark.) 974.

In the case of *Drug Co. v. Brown*, 46 Kas. 543, the essential fact that subjected the property to the lien was that the owner had made the contract to convey the lots to Wilson, and that the owner gave Wilson the possession of the lots for the purpose of erecting a building thereon. This case wants that essential fact to subject the property to a mechanic's lien.

The opinion of the court was delivered by

ALLEN, J.: Plaintiff in error, as plaintiff below, brought this action to foreclose a mechanic's lien on a lot and a half in the city of Newton, making A. R. Ainsworth, Emily K. Larned, W. W. Haas, and others, defendants. Ainsworth claimed to hold the legal title to the lots. Emily K. Larned and W. W. Haas both claimed liens on the property as mortgagees from Fretz, and each contested the right of plaintiff to any lien on the premises. The main question in the case is, whether the special findings of the jury show that the defendant Fretz was the owner of the lots, within the meaning of the statute, so that he might encumber them with a mechanic's lien. The materials for which the plaintiff claimed a lien were furnished for the erection of a dwelling house and the appurtenances, under contract with Fretz. The erection of the building was commenced on April 26, 1887, and the last of the material was furnished, and the last work done, on the 10th of June, 1887. At the time the work on the building was commenced, the legal title to the lots was in Shafer & Brown, who conveyed the property to Fretz on June 2, 1887. The mortgages under which defendants Larned and Haas claimed were executed by Fretz on June 1, 1887. Afterward, the legal title passed from Fretz through one Canen to the defendant Ainsworth. Special findings were made by the jury, among which are the following:

"9. What claim, right, title or ownership did A. K. Fretz have in and about lot No. 15 and the east half of lot No. 17, in block No. 4, in the city of Newton, Kas., at the time he contracted for the materials for which plaintiff claims a lien in this action? A. Claimed by undisputed possession."

"12. Did Fretz have any contract, either written or verbal, with the owner of the legal title to said premises for the purchase of the same at the time he contracted for the materials for which plaintiff asks a lien, or at any time prior to the date of the deed? A. We cannot tell."

Upon these facts, the court held that the plaintiff had no

lien on the premises, and rendered judgment accordingly. It is contended that these facts do not show such title in Fretz as would enable him to create a lien prior to the execution of the deed from Shafer & Brown. It has already been held by this court that a mechanic's lien may attach to a leasehold estate. (*Hathaway v. Davis*, 32 Kas. 693.)   In *Lumber Co. v. Osborne*, 40 Kas. 168, it was held, that a person in the possession of real estate under a deed conveying the right of occupancy, and covenanting for the conveyance of the absolute title, will be deemed the owner within the meaning of the mechanics'-lien laws, and may subject his interest in the property to a mechanic's lien.   In *Seitz v. U. P. Rly. Co.*, 16 Kas. 133, and *Trust Co. v. Sutton*, 46 id. 166, it is held that an equitable title is sufficient to support a mechanic's lien.

The main difficulty in this case is that the nature of Fretz's title is not shown.   It only appears that he was in the undisputed possession of the property, and that he acquired the fee on the day after the mortgages under which the defendants Larned and Haas claim were executed.   Possession, however, undisputed possession, is evidence of title.   Full title itself is but the right to unlimited possession, and the fact that a person is in full possession of lands unexplained is evidence of ownership.   In *Bricker v. Ledbetter*, 26 Kas. 269, it was held that where it appears that a husband and wife entered into the possession of vacant land, built a house thereupon and occupied it, such possession is *prima facie* evidence of title, and sufficient as against a mere trespasser and wrongdoer. So in *Douglass v. Dickson*, 31 Kas. 310, possession under claim and color of title is sufficient evidence of title in an action to recover damages from a mere trespasser.   (See, also, *Guffin v. Linney*, 26 Kas. 717; *Drug Co. v. Brown*, 46 id. 543.)   It is true that in this case it is shown that the legal title was in Shafer & Brown, and, if the controversy were between plaintiff and Shafer & Brown, it would be incumbent on the plaintiff to show what right Fretz had as against them, and the case of *Huff v. Jolly*, 41 Kas. 537, would be in point;

or if it were shown, as in the case of *Lumber Co. v. Schweiter*, 45 Kas. 207, that it was expressly agreed that the purchaser should have no right to subject the property to any liens, the party claiming the lien would have no rights which he could enforce as against the holder of the legal title who had agreed to convey under the conditions stated in that case. In the last-mentioned case, it was expressly agreed between Schweiter, who held the legal title, and Jones who built the house, that a first mortgage might be placed on the property by Jones at the time the deed was executed to him, and that Jones should ever keep the lots clear of all liens, judgments, and taxes, of every kind and description, and the contract stipulated that the $1,200 mortgage should be the first lien when the lots were conveyed to Jones. In that case it was held that the lien of the lumber company was subordinate to that of the mortgage upon the clear ground that the lumber company was bound by the contract between Schweiter and Jones.

In this case, no such state of facts is shown; but it does appear that Fretz's possession was followed by the conveyance to him, on June 2, 1887, of the full legal title. The mortgagees also claimed under Fretz, and their claims are based on mortgages executed prior to the date of the deed from Shafer & Brown to Fretz. We are unable to perceive any good reason why Fretz should be held to have a better right to encumber the lots with mortgage liens before he had a deed to the lots than with a mechanic's lien. At the time these mortgages were executed, a dwelling house, which certainly must have been plainly visible to any person seeing the lots, was in the course of construction, and that was sufficient to put the mortgagees on inquiry as to the existence of mechanic's liens. We see nothing inequitable in holding that those who have furnished material for the construction of the mortgaged property should be paid for it. We think, under the facts established in this case, it is fairly to be inferred that Fretz had a right to erect a dwelling house as he did, and, in the absence of any contrary showing, that the

conveyance of the land to him was a recognition of the existence of a prior equitable title under which the improvements were made. It would, of course, be more satisfactory if the precise terms of the agreement under which Fretz obtained possession were shown, but we are not able to say that it was incumbent on the plaintiff to do more than prove possession in Fretz. If the defendants were claiming directly under Shafer & Brown, then it would clearly have been necessary for the plaintiff to have gone farther, and proved what rights Fretz had as against Shafer & Brown, the legal title being shown to be in them; but here all parties claim through Fretz, and we think their rights are to be determined just as though Fretz had the legal title at the time he commenced the erection of the dwelling house. It follows, therefore, that the judgment of the district court must be reversed; and, as the facts were specially found by the jury, we must direct that judgment be entered in favor of the plaintiff for $230.31, and 12 per cent. interest thereon from the 26th day of September, 1887; that the same be decreed a first lien on the property in question, and the other liens subordinated thereto.

All the Justices concurring.