JOHN R. MULVANE *et al.* v. THE CHICAGO LUMBER
COMPANY *et al.*

No. 8335.

1. MECHANIC'S LIEN — *Owner of Real Estate.* A party in possession of real estate under a bond for a deed will be deemed "the owner" thereof for the purpose of creating a mechanic's lien thereon, as against a subsequent mortgagee of the same party.

2. ———— *Two or More Buildings.* The right to a mechanic's lien may arise out of a single contract for furnishing material for two or more buildings on several contiguous lots constituting a single tract or parcel of ground.

*Error from Shawnee Circuit Court.*

ON April 18, 1887, Eugenia D. Campbell and husband executed to Elizabeth W. McCracken a bond for a deed of a tract of ground 75 by 145 feet in size, and as corresponding to lots 312, 314 and 316 on Tenth avenue west, city of Topeka, as it would appear on the plat of West Park addition thereafter to be recorded. This bond was duly recorded April 20, 1887, and was assigned in the margin by Elizabeth W. McCracken to Augusta E. Shelton December 10, 1887, and the assignment was recorded December 20, 1887. The evidence does not show when the plat of West Park addition was filed for record. Augusta E. Shelton executed to Cynthia A. Calkins a deed, of date June 12, 1889, acknowledged the same day and recorded June 14, 1889, purporting to convey lot 312 and east half of lot 314 on Tenth avenue west, in West Park addition; and another deed, of date July 1, 1889, to said Cynthia A. Calkins, for lot 316 and the west half of lot 314 on Tenth avenue west, in said addition, which was recorded July 3, 1889. Mrs. Shelton desired at first to sell only lot 312 and the east half of 314, and to retain the rest; but there was

some talk of the purchase of all, and this was agreed upon prior to the execution of the first deed, and before the commencement of the improvements on said property. In May, 1889, Mrs. Calkins entered into a contract with the Chicago Lumber Company to furnish to her lumber for the erection of two houses on said property, and with Culver & Bailey to furnish to her the hardware for the same. Specifications were made for a single building, and then Mrs. Calkins requested that they be duplicated. Work was actually commenced on the first house May 23, 1889, and on the second house within about a week or 10 days thereafter. The lumber company commenced furnishing materials May 22, and continued to do so until September 7, 1889. On October 17, 1889, Mrs. Calkins and husband executed a promissory note for the amount due; and on November 8, 1889, the lumber company filed a lien on lots 312, 314, and 316. Culver & Bailey commenced furnishing hardware May 31, and continued to do so until September 21, 1889; and they filed their lien on all of said lots December 27, 1889. Mrs. Calkins and husband executed to H. C. Flower a coupon bond for $2,250, and secured the same by mortgage on lot 312 and east half of lot 314. The bond and the mortgage were dated June 1, but the mortgage was not acknowledged until June 12, nor recorded until June 14, 1889. At the same time Mrs. Calkins and husband executed to the Kansas Loan and Trust Company a note for $337.50, payable in 10 semiannual instalments; and this was secured by a mortgage on the same property, dated, acknowledged, and recorded on the same dates, respectively, as the mortgage to H. C. Flower. Obligations of like character and date, but for other amounts, were executed by and to the same parties, and were secured

by mortgages dated, acknowledged, and recorded as those above specified, the security being on lot 316 and west half of lot 314. Separate suits were commenced to foreclose said mortgages upon each of said properties, and issues were framed in each suit, but the cases were consolidated for the purpose of trial. Mr. and Mrs. Calkins secured part of the purchase-money to Mrs. Shelton by mortgage, and Mrs. Shelton, being a party, set up this indebtedness; but the principal controversy in the case was as to the validity of the mechanics' liens, and as to their priority over the mortgages, and the court below decided both points in favor of the mechanics' lien claimants. John R. Mulvane and others bring the case to this court. The opinion was filed April 11, 1896.

*Fuller & Whitcomb*, for plaintiffs in error.

*Frank H. Foster*, and *Jones & Mason*, for defendants in error.

The opinion of the court was delivered by

MARTIN, C. J.: I. The plaintiffs in error say that the person making the contracts for the lumber and the hardware was not the owner of the land, and therefore no mechanic's lien could attach thereto. Cynthia A. Calkins was in possession, however, under a contract of purchase, which was soon followed up by deeds for the property from Augusta E. Shelton and her husband. Whether the latter had fully paid Elizabeth W. McCracken or not at the time the contracts for material were entered into, or even when the Sheltons executed their deeds to Mrs. Calkins, is immaterial, for Elizabeth W. McCracken is not a party to this litigation, and is not bound thereby. It is probable, however, that she received full payment

before the execution of the deeds by the Sheltons ; and, as the mortgages and the mechanics' liens rest upon the same title, the plaintiffs in error have no just ground of complaint in this respect. Cynthia A. Calkins was "the owner" of these three lots within the meaning of the statute relating to mechanics' liens. (*Hathaway v. Davis*, 32 Kan. 693 ; *Lumber Co. v. Osborn*, 40 id. 168 ; *Mortgage Trust Co. v. Sutton*, 46 id. 166 ; *Drug Co. v. Brown*, 46 id. 543, 546.)

II. Counsel for plaintiffs in error contend that the statute does not contemplate nor provide for the filing of a single lien to cover the work or materials entering into separate and distinct buildings on different properties, even when such work is done or materials furnished under one contract. But the evidence fails to show that the plat of ground 75 by 145 feet in size had been subdivided into lots at the time the contracts for material were made, or that a tract consisting of three lots had been divided into two separate properties ; and we do not know of any legal objection to a single contract for furnishing materials for two or more buildings on several contiguous lots constituting a single tract or parcel of ground. (*Carr v. Hooper*, 48 Kan. 253, 257 ; *Van Laer v. Brick Works*, ante, p. 545, 43 Pac. Rep. 1134 ; *Meixell v. Griest*, 1 Kan. App. 145, and cases cited.) This case is distinguishable from *Lumber Co. v. Hegwer*, (Kan. App.*), 42 Pac. Rep. 388, where there were four separate contracts for the erection of four dwellings upon four contiguous lots.

The judgment of the court below will be affirmed.

All the Justices concurring.

---

* Not yet reported.