G. H. BLOCK v. W. J. PEARSON, E. T. PEARSON, *His Wife*, L. H. ROBINSON, and O. P. M. BUTLER.

(Filed September 5, 1907.)

(91 Pac. 714.)

1.    MECHANICS' LIENS—Property Subject. By the provisions of section 4817, Wilson's Stat. 1903, one who, under contract with the husband of the owner of land, furnishes material for the erection of a building upon said land, is entitled to a lien upon such land and the improvements thereon for the amount due for such material.

2.    SAME—Leasehold Estate Subject. A lessee, who holds under a lease from the school land leasing board, is an "owner" of land as contemplated in the mechanic's lien law, and such a lien may attach to such a leasehold estate subject to the paramount interest of the United States, the lessor, or the holder of the fee.

3.    BILL OF EXCEPTIONS—Necessity—Evidence Before Referee. Where a referee for the trial of a cause in the district court is not ordered to report the evidence, but is ordered to hear the evidence and report his findings of fact and conclusions of law, the evidence so taken can only be made a part of the record and subject to review by the trial or supreme court by having the referee allow and sign a bill of exceptions containing the evidence taken by him.

4.    SAME—Findings of Referee—Conclusiveness. Where the evidence taken upon a trial before a referee is not made part of the record, the findings of such referee are conclusive upon the parties as well as the court, and cannot be reviewed.

5.    SAME—Preservation of Record. Where a party desires to have the proceedings before a referee reviewed, he should file a motion for new trial before the referee, and have the same ruled upon before the report of the referee is filed in court; and, in order to preserve a record before a referee, a bill of exceptions should be prepared and presented to the referee for his allowance and signature, to be filed in court with his report.

(Syllabus by the Court.)

*Error from the District Court of Comanche County; before Frank*
*E. Gillette, Trial Judge.*
Reversed and remanded.  ·
*Stevens & Meyers,* for plaintiff· in error.
*W. E. Hudson,* for defendants in error.

Opinion of the court by

BURFORD, C. J.:  Prior to the year 1903, one O. P. M. Butler
leased from the school land leasing board section 36, township 2
north,. range 12 west, reserved for school purposes, and adjacent
to the city of Lawton, in Comanche county, Oklahoma.  The lessee
was permitted to plat a portion of the section for townsite pur-
poses as an addition to the city of Lawton, and to sublease the
lots embraced in said addition.  The lots in controversy in this
case were leased to E. T. Pearson, a married woman and the wife
of W. J. Pearson.  L. H. Robinson entered into a contract with
W. J. Pearson to furnish the material and construct a dwelling
house on the lots leased to Mrs. Pearson.  G. H. Block furnished
the material which was used in the construction of the house and
received no compensation therefor.  He filed a lien upon the prop-
erty alleging that W. J. Pearson was the owner of the prop-
erty, and that he furnished the material under a contract with the
contractor, Robinson.  On April 25, 1903, the plaintiff in error,
G. H. Block, commenced his action in the district court of Com-
anche county against the defendants in error, W. J. Pearson, E. T.
Pearson, L. H. Robinson and O. P. M. Butler, in which he sought
to recover personal judgment against W. J. Pearson for the amount
of his claim for material used in the construction of said house,
and the enforcement of a lien against the property.  Robinson and
Butler made no defense.  The Pearsons answered setting up that
the title to the land was yet in the United States; that Mrs. Pear-
son occupied the same by virtue of a lease from Butler, who was the
lessee of the school land leasing .board, and that she did not pur-
chase the material or enter into the contract for the construction of

said house; that W. J. Pearson had no interest in the property; that he had contracted with Robinson to build the house upon his wife's lease, but that he had not made any contract with Block for the material used in the construction of said house. A reply was filed setting up the authority of Butler from the school land leasing board to subdivide the land and sublease the lots for townsite purposes. The cause was ordered to a referee for trial, with directions to hear the evidence and report his findings of fact and conclusions of law. This was done; the referee recommending a judgment for the defendants for their costs. The court approved the report of the referee and rendered judgment that the plaintiff take nothing by his action, and that he pay the costs of suit. From this judgment the plaintiff below has appealed, and the case is before us for review.

There are some questions argued in the brief of plaintiff in error that we cannot consider on the record presented. The case contains the evidence taken before the referee, but there was no bill of exceptions allowed and signed by the referee preserving the evidence, nor was there any order of the court directing the referee to report the evidence. There is no order of court making the evidence taken before the referee a part of the record, hence the evidence is no part of the record, and was not properly before the district court for consideration, nor is it before this court for its consideration. This question was before this court in the case of *Howe v. City of Hobart,* 18 Okla. 243, 90 Pac. 431, wherein we held that: "The evidence taken before a referee in a cause where the referee is directed to try the cause, making findings of fact and conclusions of law and report the same to the court, can only be preserved and made available for review in the district or supreme court by incorporating the same into a bill of exceptions, and having the referee to allow and sign the same." This rule might probably be avoided by having the court order the referee in the first instance to report the evidence taken, together with his findings of fact and conclusions of law thereon; but neither

of these steps were followed in the case at bar, and consequently we cannot review any question which, for its determination, depends upon a consideration of the evidence. Upon this state of the record, the findings of fact stated by the referee and adopted by the court are absolutely conclusive upon all parties, as well as upon the court.

The only question we are authorized to inquire into is whether or not there was error in the conclusions of law applied to the facts found. The referee found that Mrs. E. T. Pearson was the lessee of the lots upon which the lien was claimed; that she held as the sublessee of Butler, who was the lessee of the school land leasing board; that her husband, W. J. Pearson, had no interest in the land; that he procured the building to be erected upon her lots for her use and largely at her expense, although he procured some of the means upon his own credit; that W. J. Pearson contracted with Robinson to construct the house. and that W. J. Pearson was about the premises a great deal of the time and acting as agent for his wife. In relation to the claim of plaintiff, he found as follows: "December 28, 1902, Robinson and W. J. Pearson entered into a contract whereby for the sum of $1,000 Robinson was to build on said lot a dwelling; the material and workmanship to be first class. Plaintiff furnished materials which went into the construction of the house; the materials furnished were for prices agreed upon between plaintiff and Robinson; Pearson had full knowledge that Robinson was getting the materials from plaintiff, and knew when he paid Robinson that plaintiff had furnished materials for the house. Pearson paid the full contract price to Robinson and to others for work and material, the amount of cash paid to Robinson being $568.40, Feb. 28, 1903. Pearson directed plaintiff to charge the materials to him and promised to pay for them. That materials which plaintiff furnished and which went into the construction of the house amounted to $863.70, no part of which has been paid plaintiff. Pearson moved into the house in February, 1903. Pearson accepted the

house as completed according to contract. At the time of the execution of the lease by Butler, E. T. Pearson was a married woman, and W. J. Pearson was her husband." Other findings show that Mrs. Pearson was the lessee; that Block filed his lien statement in proper time, and that Butler, the lessor of Mrs. Pearson, was the lessee from the school land leasing board of section 36, township 2 north, range 12 west, which embraces the lots in controversy. Upon these facts the referee stated as conclusions of law that the palintiff was not entitled to a lien, for the reason that he had given no notice to Mrs. Pearson of the filing of such lien, as required by the provisions of section 4819, Wilson's Stat. 1903, and that having proceeded against a subcontractor, and alleged a sale to a subcontractor, he was not entitled to a personal judgment against Pearson. Before the cause proceeded to judgment, the plaintiff applied for and obtained leave to amend his lien statement to conform to the facts as found by the referee, so as to show that the contract was made with W. J. Pearson, the husband of the owner of the property, and to amend the petition by appropriate allegations, changing the facts to conform to the amended lien. These amendments must be treated as made, and they changed the entire theory of the pleadings. The case was tried as one against W. J. Pearson, as owner, and in which Block had furnished material to Pearson's contractor. The facts having shown that Mrs. Pearson was the owner, that W. J. Pearson was her husband, and that Block had sold the material to him to go into the construction of her house, the law as stated by the referee became inapplicable to the issues. There seems to have been no objections made to the request to amend the lien statement and petition or to the allowance of such request. The trial court followed the recommendations of the referee and rendered judgment in favor of the defendants. It seems that either the amendments of the lien statement and petition were overlooked or the statute on the subject was misapplied. The section, 4817, Wilson's Stat. 1903, governing the amended lien statement and

petition, is as follows: "Any person who shall under contract with the owner of any tract or piece of land or with the * * husband * * of such owner, furnish material for the erection * * of any building * * thereon * * * shall have a lien upon the whole of said piece or tract of land, the building and appurtenances, in the manner herein provided, for the amount due him for such * * materials * * ". The mode of procedure to acquire the lien and to enforce same is set forth in section 4818. No other notice than that of filing the lien is, in such cases, required. The rule is obviously different from that required where the person seeking the lien has sold the material to a contractor or subcontractor.

The facts found and appearing from the pleadings and exhibits, we think, bring this case within the terms of the foregoing statutes. We think the facts and exhibits show that the plaintiff, Block, sold the material under a contract with W. J. Pearson, the husband of E. T. Pearson, the owner of the leasehold upon the land upon which the house was built; that the material was furnished for the erection of a building upon said real estate. If this position is correct, then the statute gives Block a lien upon Mrs. Pearson's interest in the real estate by complying with the requirements of the statute necessary to effectuate such lien. It is contended that the fee of the land is in the United States and that the primary disposal of the soil cannot be interfered with. These contentions may be conceded, and yet they are not fatal to this case. Our statute was adopted from the state of Kansas, where it has been in force many years and has frequently been the subject of judicial interpretation. It is there held that the term "owner" embraces a leasehold, and that the lien of the statute will attach to whatever of interest, legal or equitable, the occupant may have, subject to the paramount rights of the holder of the fee, and we think this sound in principle. *Leitz et al. v. U. P. Ry. Co.,* 16 Kan. 133 ; *Hathaway et al. v. Davis et al.,* 32 Kan. 693, 5 Pac. 29 ; *Chicago Lumber Co. v. Osborn et al.,* 40 Kan. 168, 19 Pac. 656 ; *Meyer Bros. Drug Co. v. Brown*

*et al.*, 46 Kan. 543, 26 Pac. 1019; *Chicago Lumber Co. v. Fretz et al.*, 51 Kan. 134, 32 Pac. 908; *Mulvane v. Chicago Lumber Co.*, 56 Kan. 675, 44 Pac. 613. While it is true the referee states as a conclusion that Pearson made no contract with Block for the material, we think this conclusion unsound. We can only look to the findings and exhibits, but from these it is obvious that Pearson was erecting a house upon his wife's land for her use, and was looking after the affairs pertaining to the same. He directed Block to charge the material to him and agreed to pay for it. He knew Block delivered the material. The statement shows that it was charged to Pearson, per Robinson. Pearson knew it was received and used, and he knew it was not paid for at the time he paid Robinson. An order for property, and a promise to pay for it, its delivery and acceptance, constitute a valid and binding contract. It is suggested that this was an oral promise to answer for the debt of another, and not binding because not in writing. We think this a misstatement of the case. Pearson was not offering to pay the debt of another; he ordered the material for his own use; he was building the house for his wife; he was making a promise to pay his own debt, and was bound by his promise. *Trulock v. Blair,* 8 Okla. 345, 58 Pac. 1097; *Kessler et al. v. Cheadle,* 12 Okla. 489, 72 Pac. 367. We think there was manifest error upon the facts stated in holding that the lien was void.

The next contention is that the court erred in not giving the plaintiff personal judgment against W. J. Pearson for the amount of his demand. The law as stated by the referee and as applied by the court was correct as to the original lien statement and pleadings, but was erroneous as applied to the amended lien statement and petition. We think the plaintiff should have been allowed judgment against Pearson for the balance due on his account, with interests and costs.

The judgment of the district court of Comanche county is reversed, with directions to the district court to set aside the con-

clusions of law and to restate the same in accordance herewith, or grant a new trial, as seems most consistent with justice and right.

Gillette, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.