CAHILL-SWIFT MFG. CO. et al. v. SAYER et al.

No. 9389—Opinion Filed Dec. 3, 1918.

Rehearing Denied Feb. 25, 1919.

(178 Pac. 671.)

(Syllabus.)

1. Mechanics' Liens — Separate Lien on Building and Improvements—Priorities— Lien Against the Fee.

Under section 3862, Rev. Laws 1910, providing that, if the title to land is not in the person with whom a contract for the erection of a building thereon is made, but is leased and unimproved, a lien shall be allowed on the building and improvements separately from the real estate, where the unimproved land was leased, the lessee building thereon, the lessor's fee in the premises was not subject to lien arising under the building contract made with the lessee.

2. Same—Priority—Land of Lessor—Notice.

Where the unimproved land was leased, the instrument giving the lessor a first lien on a building to be erected to secure the unpaid rent, etc., and the contractors for such building had notice that the party with whom they dealt was merely lessee, and not the owner of the land, the lien of the lessor on the building erected under the lease was superior to the contractors' lien under section 3862, Rev. Laws 1910. Having notice of the lease giving a lien for unpaid rents, they were chargeable with knowledge of all facts they might have ascertained by the exercise of reasonable diligence, as by inquiry of the lessor, as to the amount of the rent unpaid.

Error from Superior Court, Muskogee County; Hal C. Thurman, Judge.

Action by the Cahill-Swift Manufacturing Company and others against the Baltimore Investment Company and Vade N. Sayer. Judgment for plaintiffs for foreclosure of mechanics' lien on leasehold interest and adjudging it inferior to lessor's lien under a

lease, and plaintiffs bring error. Affirmed.

John H. Mosier, B. B. Wheeler, Malcolm E. Rosser, Norman E. Reynolds, and Paul Williams, for plaintiffs in error.

Blakeney & Maxey, W. W. Noffsinger, and Y. P. Broome, for defendant in error Sayer.

OWEN, J. This action was brought by Cahill-Swift Manufacturing Company against the Baltimore Investment Company to recover for material furnished in the erection of a building, and to foreclose a materialmans' lien. The defendant Sayer was made a party to the action because he owned the fee in the land on which the building was erected. He leased the premises to the investment company for a period of 99 years. The lease, in addition to an annual rental, provided for the erection of a building at the expense of the lessee, and also for the payment by the lessee of all taxes and other charges against the premises. By the terms of the lease a first lien was given to Sayer to secure the payment of the rentals and the performance of the other covenants of the lease. The contract under which the materials were furnished was made with the lessee, and not with Sayer. Judgment below was for the plaintiff for the amount claimed and for the foreclosure of the lien on the leasehold interest, including the building, but not on the fee, and holding also Sayer's lien under the lease for rentals superior to the materialman's lien on the improvements.

The questions to be determined here are (1) whether the fee simple, title of Sayer is chargeable with the statutory lien for the materials furnished; and (2) whether Sayer's lien, under the lease for the unpaid rent, is superior to the materialman's lien on the improvements.

Section 3862, Rev. Laws 1910, under which the materialman's lien is claimed, provides:

"Any person, who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, or furnish material for the erection, alteration or repair of any building improvement, or structure thereon, * * * shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances. If the title to the land is not in the person with whom such contract was made but is leased and unimproved, the lien shall be allowed on the buildings and improvements on such land separately from the real estate."

It will be noticed this statute gives the lien where the contract is made with the owner, but if the land on which the material is to be used is leased, and the title is not

In the person contracting, the lien is on the improvements and leasehold estate, and not on the land; that is to say, the lien attaches only to the estate and interest owned by the person making the contract.

This statute was construed by the United States Circuit Court of Appeals in the case of Mellon v. St. Louis Union Trust Co., 225 Fed. 693, 140 C. C. A. 567, where the identical question was presented. It was there held the lien attaches to the improvements and leasehold estate only, and not to the realty. In this connection it was said:

"* * * The language of the statute clearly shows that the mechanic's lien, when the realty is leased and unimproved, shall be allowed only on the buildings and improvements on such land, separately from the real estate."

This statute was adopted from Kansas, and was construed by the Supreme Court of that state in the case of Huff v. Jolly, 41 Kan. 537, 21 Pac. 646. There it was held that the lien allowed by the statute was upon the realty with buildings attached only to the extent of the ownership of the one who contracted for the construction of the buildings. In the case of Chicago Lbr. Co. v. Schwelter, 45 Kan. 207, 25 Pac. 592, and in Getto v. Friend, 46 Kan. 24, 26 Pac. 473, it was held:

"For material furnished for a building to one who held under executory contract of purchase a mechanic's lien is confined to the equity of the purchaser under the executory contract."

In the case of Forbes v. Mosquito Fleet Yatch Club, 175 Mass. 432, 56 N. E. 615, where the lease required the lessee to erect a building, it was held that a mechanic's lien applied only to the buildings and leasehold, and not to the fee of the lessor.

Counsel concede there can be no lien except where the contract is made with the owner, but they insist that the provision of the lease requiring the lessee to erect a building constitutes the lessee the agent of the lessor for that purpose, and the contract becomes the contract of the lessor. A similar question was presented to the Supreme Court of Washington in the case of Statson-Post Mill Co. v. Brown, 21 Wash. 619, 59 Pac. 507, 75 Am. St. Rep. 862, where under the terms of the lease any building erected by the lessee was to be the property of the lessor at the termination of the lease. The statute in that state gives a lien where the contract is made with the owner or his agent, but also provides:

"That, if such person (referring to the builder) own less than a fee simple in such land, then only his interest therein is subject to the lien."

It was contended there, as here, because the lease authorized the erection of the building, and such building was to become part of the realty and the property of the lessor at the expiration of the lease, the lessee was the agent of the lessor for the construction of the building. The court held that provision did not constitute the lessee the agent of the lessor so as to give the lien on the realty. In the case of Dutro v. Wilson, 4 Ohio St. 102, it was held:

"If the ownership is in the fee, the lien is upon the fee, or, if it is of a less estate, the lien is upon such smaller estate."

Counsel urge that Sayer cannot have a lien for unpaid rentals superior to the material man's lien, for the reason, as they say, the improvements belong to Sayer under the terms of the lease, and a man may not have a lien on his own property. Sayer is to become owner of whatever improvements remain on the premises at the termination of the lease, but he is not the owner of the improvements until the termination of the lease. He is to have a fixed rental for the full period of 99 years, regardless of the increase or decrease in the value of the improvements, and the lease provides:

"In the event of the total or partial destruction of said building, the rents, as herein provided for, shall not for that reason cease."

The rent is for the use and occupancy of the land, and the lien is given on the improvements, erected at the expense of and owned by the lessee, to secure the payment of this rent. This lease had been recorded in the office of the register of deeds of Muskogee county before any of the materials were furnished or contracted for. The plaintiff was chargeable with notice that the party with which it was contracting to furnish materials, was not the owner of the fee. Having notice of this lease giving the lien for unpaid rents, plaintiff was chargeable with knowledge of all facts which it might have ascertained by the exercise of reasonable diligence, as by inquiry of the lessor as to the amount of the rent unpaid. Section 2926, Rev. Laws 1910; Winsted v. Shank, 68 Okla. 269, 173 Pac. 1041; Daniel v. Tolon, 53 Okla. 666, 157 Pac. 756; Lair v. Myers, 71 Okla. 175, 176 Pac. 225.

In the case of Mellon v. St. Louis Union Tr. Co., supra, the lease involved was identical with this lease in providing a fixed

rental for the erection of a building and giving a lien to the lessor for unpaid rents. The contention was made there that the lien given to the lessee was inferior to the lien under this statute. The lien given to the lessee was held to be, in effect, an equitable mortgage and superior to the statutory lien. It was said:

"The lien claimants are not entitled to any lien on the fee, but only on the leasehold and the improvements. Are these liens superior to that granted to Mrs. Mellon by the lease? Clearly not. Assuming, without deciding, that the contractors began work before the lease was filed for record, a fact which they failed to establish by proper proof, and even assuming, without deciding, that their rights attached when the contract for the erection of the building was executed, which was before the lease was recorded, they would still not be entitled to priority over Mrs. Mellon's lien reserved in the lease. This provision in the lease is clearly an equitable mortgage. Ketchum v. St. Louis, 101 U. S. 306, 25 L. Ed. 999; Sheffield Furnace Co. v. Witherow, 149 U. S. 574, 578, 13 Sup. Ct. 936, 37 L. Ed. 853; Fourth St. Bank v. Yardley, 165 U. S. 634, 17 Sup. Ct. 439, 41 L. Ed. 855; Walker v. Brown, 165 U. S. 654, 664, 17 Sup. Ct. 453, 41 L. Ed. 865; Connolly v. Bouck, 174 Fed. 312, 98 C. C. A. 184. The contractors Campbell & O'Keefe, knew at the time they made the contract for the erection of the building that Miss Patterson was not the owner of the lots, but only a lessee of Mrs. Mellon. When they entered into the contract they were chargeable with notice, not only of all matters which they knew, or which were of record, but of all facts which by the exercise of reasonable diligence they could have ascertained. By inquiry of Mrs. Mellon, the lessor, they could have learned the terms of the lease before they entered into the contract. Coder v. McPherson, 152 Fed. 951, 82 C. C. A. 99; 2 Pomeroy's Eq. Jurisprudence (3d Ed.) 597. Failing to exercise reasonable diligence to ascertain that fact, they cannot appeal to the conscience of the chancellor and plead their failure to exercise reasonable diligence as an excuse. Ketchum v. St. Louis, supra."

The judgment of the trial court is affirmed.

All the Justices concur, except TURNER, and BRETT, JJ., not participating.