SCRIVNER et al. v. POPE et al.

No. 19414. Opinion Filed May 27, 1930.

Blanton, Osborn & Curtis, for plaintiffs in error.

Bowling & Farmer, for defendants in error.

LEACH, C. The defendants in error, G. H. Pope and B. B. Brinkley, commenced this action in the district court of Garvin county, against J. F. Richardson, Crockett Scrivner, and Minerva J. Scrivner, wherein the plaintiffs allege in their petition, in substance, that on May 2, 1925, the defendant Richardson executed his note for the sum of $280, payable to one Dobson, and

that they, the plaintiffs, signed such note as sureties; that, at the same time and as security for the payment of the note, the maker thereof executed a chattel mortgage covering and describing the following property located in Garvin county, to wit:

"One frame building 24x34' used as a filling station, located on the southeast corner lots ten (10) and eleven (11), block ninety-one (91) of Williams subdivision of the town of Maysville, Okla."

—that upon default in the payment of the note by the principal thereof they, the sureties, paid the same and succeeded to all rights thereunder; further alleged that the defendants Scrivner asserted some right or claim to the personal property described in the mortgage, but that such right or claim was inferior and subordinate to the rights of the plaintiffs under the chattel mortgage, and prayed for judgment on the note, foreclosure of the chattel mortgage, and an order of sale of the property.

The defendant Crockett Scrivner filed answer disclaiming any interest in the property, and Minerva J. Scrivner filed a general denial, and further alleged in her answer and cross-petition that in March, 1925, she entered into an oral agreement with the defendant Richardson, which agreement was to be reduced to writing and signed by the parties, wherein she was to lease for a period of five years from the first day of April, 1925, the certain lots described in the chattel mortgage, together with the residence thereon, for a total consideration of $1,800, payable $30 per month in advance; that as part of the consideration of the agreement Richardson was to erect a building or structure on the lots to be used as an oil and gas filling station, and that said building upon the erection thereof should be and become the property of the defendant Minerva J. Scrivner, subject only to the right of the lessee to use and occupy the same during the term of his lease; that pursuant to said agreement, Richardson entered upon the premises and began the erection of said building; that about the —— day of May, 1925, without her knowledge or consent, he, Richardson, absconded from the country and abandoned all his rights under the terms of the agreement, without the agreement being reduced to writing; that the building commenced by the lessee in its unfinished condition was of the value not exceeding $200; that if Richardson executed the chattel mortgage as alleged, the same was given without her knowledge or consent; that she endeavored to ascertain the whereabouts of said Richardson, but was unable to locate him; that

after several monthly rental payments had matured and become delinquent, she, answering defendant, at an expenditure of approximately $600, completed the building begun by the said Richardson; that she suffered damage by reason of the abandonment of the contract by Richardson, in the loss and rental of the property to the amount of $360, a sum greatly in excess of the value of the uncompleted building, and prayed that plaintiffs take nothing and that her claims and title to the property be quieted.

Upon a trial of the cause to the court and at the conclusion of the plaintiffs' evidence, the defendant, Scrivner, interposed a demurrer to plaintiffs' evidence, which was overruled, and upon conclusion of defendants' evidence, judgment was entered for the plaintiffs as prayed for by them, from which judgment the defendant Minerva J. Scrivner brings this appeal, and as grounds for reversal asserts in part that the judgment complained of is contrary to the law and the great weight of the evidence.

The plaintiffs below, in support of their claim, testified that Richardson used the proceeds of the loan evidenced by the note sued upon towards the partial erection of a filling station building on the lots described in the chattel mortgage; that at the time he absconded, the frame of the building was up with a roof on it; that they considered the value of the building at the time to be approximately the amount of the indebtedness evidenced by the note; that upon failure of the principal on the note to pay the same they paid it and the note and chattel mortgage were assigned to them.

On cross-examination they admitted that Scrivner offered to permit them to carry out the terms of the agreement with the lessee, Richardson, which they declined to do. The plaintiff Brinkley testified that prior to the date he signed the note he was informed by Richardson that he did not own the lots where the building was erected.

The evidence on behalf of the defendant Minerva J. Scrivner was in substance and to the effect that an agreement was entered into with Richardson, as alleged in her answer, that whatever Richardson placed on the property was to stand for the rents; that he entered into possession of the dwelling on the lots described and owned by her on March 1, 1925; that she was unable to get possession of the dwelling house from some tenants Richardson had placed therein; that she was out the use of the property until the fall and lost ten or eleven

months' rent on her property, and on February 1, 1926, she completed the filling station building at a cost to her of approximately $600, and that under her agreement with Richardson the building erected was to become her property.

We are not informed from the briefs or records presented in this cause on what theory the judgment complained of was awarded. The plaintiffs below, in support of the judgment, concede that the building involved, under the agreement between Scrivner and Richardson, was to become the property of Scrivner at the end of the five-year period, but contend that under the record presented Richardson could have removed the building; that the same was personal property and subject to the chattel mortgage. The authorities cited by the plaintiffs below, 11 C. J. 445, sec. 54; 26 C. J. 718; Murray Co. v. Chickasha Cotton Oil Co., 73 Okla. 106, 174 Pac. 1091, do not appear to us to be applicable under the undisputed facts in this case. The text authorities cited recognize the right of parties to contract that improvements or chattels placed on or attached to land shall not become a part of the realty, and the case holds that where machinery is sold and mortgaged with the agreement that such chattels shall not become a part of realty until the vendor's lien mortgage is satisfied, such chattel mortgage is superior to a real estate mortgage covering the real estate to which the machinery was attached.

In the present case the undisputed evidence and conceded facts show that the owner of real estate and the lessee specifically agreed and contracted that the building to be erected by the lessee should become the property of the landowner, which appears to be the usual rule unless the parties agree otherwise or the property affixed be a trade fixture as provided in the following quoted statute:

"When a person affixes his property to the land of another without an agreement permitting him to remove it, the thing affixed belongs to the owner of the land, unless he chooses to require or permit the former to remove it: Provided, that a tenant may remove from the demised premises at any time during the continuance of his term any thing affixed thereto for the purpose of trade, manufacture, ornament or domestic use, if the removal can be effected without injury to the premises, unless the thing has, by the manner in which it is affixed become an integral part of the premises." Section 8555, C. O. S. 1921.

In the case of Shelton v. Jones, 66 Okla. 83, 167 Pac. 458, it was held:

"In order for the plaintiff to recover in an action of trover, it is necessary for him to allege and prove that he was entitled to the possession of the converted property at the time of its conversion. * * *

"The law presumes that a building located upon a tract of land is a part of the land it occupies, and therefore real property. This presumption may, however, be rebutted by showing that the building, in fact, was personal property, and not a part of the realty."

The defendants in error assert in their brief that the lessee, Richardson, had the right to remove the building which he commenced, but such assertion is not supported by any argument or authority, as we view it. It appears that he, Richardson, after starting the building and having the use and occupancy of the premises for a period, abandoned the premises and agreement, and we are unable to see wherein he, under the undisputed facts of this case and the provisions of the quoted statute, would have the right to sell or remove the building involved, in the absence of a showing that the landowner breached the agreement or waived her rights thereunder.

In the case of Shelton v. Jones, supra, the plaintiff there, who was a mortgage holder, sought to recover the value of a certain building or improvements placed on a lot by a tenant, and while it was held that the tenant would have the right to remove the improvements, according to the right reserved in the lease and the terms of his contract, but such tenant or his mortgagee must pay the rent due by the tenant before he would have such right; it being there stated in that case:

"The tenant, Tucker, could convey by his chattel mortgage no greater rights to the plaintiff than he himself had and, if, as we have concluded, Tucker had no right to remove this building without the payment of the rents provided for in the second lease, he could convey no such right to the plaintiff." See, also, Cahill-Swift Mfg. Co. v. Sayer, 72 Okla. 88, 178 Pac. 671.

Under the facts in the instant case we fail to see wherein the plaintiffs in this case have any greater rights to the building than Richardson. They signed the note with Richardson with knowledge that he did not own the lots on which he proposed to erect or had partially erected a filling station. The evidence shows that the amount of rent due and payable by Richardson would equal the value of the uncompleted filling station at the time the building was taken over and completed by the landowner, and the plaintiffs declined to carry out the agreement entered into by Richardson.

Under the record and uncontradicted evidence we are of the opinion that the plaintiffs in the case failed to establish or show any legal or equitable rights to a foreclosure of the mortgage and sale of the property involved.

Judgment of the trial court is therefore reversed, and cause remanded, with directions to enter judgment for the defendant Minerva J. Scrivner.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note,—See under (1) 11 R. C. L. p. 1082; R. C. L. Perm. Supp. p. 3044. See "Landlord and Tenant," 36 C. J. §827, p. 176, n. 68.