ELDRED HARRINGTON V. A. J. STONE.

FINDING—*Evidence—Judgment, Not Reversed.*  A general finding and judgment for the defendant in error will not be reversed here because there is some conflict about a fact material to the issue, and necessarily embraced in the general finding, even if this court should be of the opinion that the weight of evidence was with the plaintiff in error, there being some evidence to sustain the finding of the trial court.

*Error from Brown District Court.*

REPLEVIN, by *Harrington* against *Stone*.   Judgment for defendant, at the May term, 1886.   The plaintiff brings the case here.   The opinion states the facts.

*W. D. Webb,* for plaintiff in error.

*Jas. Falloon,* for defendant in error.

Opinion by SIMPSON, C.: This is an action of replevin, brought by Harrington against Stone, who was a constable, and had possession of three hundred and twenty-eight bushels of corn, which Harrington claimed to be his property. One Herman was the owner of the corn, and had cribbed it on the farm of Beatty. Harrington, who was a buyer and shipper of corn at Baker, in Brown county, claimed to have bought this corn from Herman on or about the 19th day of December, 1884. As evidence of his purchase he introduced the following written instrument: "This certifies that I have sold this day to E. Harrington 500 bushels of good sound corn, to be delivered at Baker, in the ear, on or before January 10, 1885; price, 19 cents. Received on the same, $60. [Signed] A. H. HERMAN." As there was no immediate delivery of the corn, and no change of possession, Harrington, for the purpose of identification, was permitted to state the conversation between Herman and himself, as explanatory of the written instrument as to what particular corn was sold, and the substance of that statement was, that Herman claimed that "the corn was cribbed on Jeremiah Beatty's farm, Mission township, Brown county, and that it was raised on his farm." On the other side, there was some evidence tending to show that Harrington did not know where this corn was cribbed after his purchase from Herman. He testified himself, that he would have accepted any good corn, without reference to where it came from, if it had been offered by Herman as a compliance with the written instrument. He stated to one witness that he supposed the corn that he bargained for with Herman was cribbed on the Hayes farm. He asked another witness where Herman's corn was cribbed— whether on the Hayes or the Beatty farm. On this state of facts the court below rendered a judgment for the defendant in error, and we are asked to reverse it, because "there was

no evidence upon which to base it;" and because "Stone, the defendant in error, was a mere trespasser." The record shows that while the trial court struck out all of the oral evidence tending to show that Stone held the property under an attachment there is an admission that Stone had taken possession of the corn. The plaintiff in error must recover on the strength of his right to the possession of this particular corn, by reason of his contract with Herman, and not on the weakness of Stone's right to the possession of the property. His written instrument is a contract by Herman to sell 500 bushels of corn, and could be complied with by the delivery of so much merchantable corn, no matter where raised or how produced. The effort of Harrington to render it certain and specific, by explanatory evidence in aid of his claim, that it was the corn cribbed on the Beatty farm, is antagonized by his statements to the Neffs, father and son. In the estimation of the trial court, he failed in his attempt, and as there are no special findings of fact, and as there is evidence tending to support the general finding necessarily included in the judgment in favor of Stone, we cannot reverse it.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.