ALBERT A. RICHARDS v. J. R. GRIFFITH.

1. STATEMENT OF CASE—*Directing Verdict.* Where counsel for plaintiff, in his opening statement of the case to the jury, reads the petition and answer to show the jury what matters are involved in the issues, and then makes a brief statement of the evidence by which plaintiff expects to establish his cause, and the petition contains facts sufficient to constitute a cause of action, and the statements of counsel that the proofs will substantially sustain the petition, and also states what the defendant claims, and that in some mysterious manner he turned up with a patent to the land in dispute, and the defendant moves the court to require the jury to return a verdict for the defendant on such statement, the motion was properly overruled.

2. SCHOOL LANDS—*Void Patent—Quieting Title.* A patent issued by the governor of the state to school lands, where the lands have previously been sold to another party who has paid the entire purchase-price, with interest and taxes thereon, such patent confers no title to the patentee, and is void; and where the purchaser or his assignees have paid the full purchase-price of the land, with interest and taxes, and have in all things complied with the re-

quirements of the law in relation to the sale of school lands, and is in the actual peaceable possession of the same, he can maintain an action to quiet his title thereto against the party claiming title by virtue of a patent issued by the governor for the same lands.

3. JURY DISCHARGED—*Trial by Court—Waiver of Errors.* Where a trial'has been commenced before the court and a jury, and during the trial before the jury exceptions are taken to the admission of evidence and exceptions to the rulings of the court in refusing to admit certain evidence, and after the evidence has been entirely concluded on both sides the parties then stipulate in writing that the jury shall be discharged and the case decided by the court without further evidence, the court to make separate findings of fact and conclusions of law thereon, and the jury is accordingly discharged and the court makes separate findings of fact and conclusions of law, *held,* that the parties waive all irregularities, or errors committed during the trial before the jury.

4. FINDINGS, *not Disturbed.* Where the court has heard all the evidence on the trial, and had the witnesses and parties before it, and makes special findings of fact, and there is some evidence tending to support each finding of fact, this court cannot disturb such findings.

MEMORANDUM.— Error from Sumner district court; JAMES A. RAY, judge. Action by J. R. Griffith against Albert A. Richards to quiet title. Judgment for plaintiff at the April term, 1890. The defendant brings the case here. Affirmed. Opinion filed August 8, 1895.

The statement of the case, as made by JOHNSON, P. J., is as follows :

This suit was commenced by J. R. Griffith, as plaintiff, against Albert A. Richards, in the district court of Sumner county, Kansas.   On the 13th day of September, 1889, the plaintiff filed his petition to quiet his title to the east half of the northwest quarter of section 36, township 34, of range 3, in Sumner county, Kansas, alleging that he was the owner in fee simple, and in the actual and peaceable possession of said land at the time of filing said petition, and had been

such owner and in peaceable possession for five years continuously, and alleging that the defendant claimed an estate or interest in said land, the particular nature and ground of which claim were unknown to the plaintiff, except that he based his claim upon a certain instrument which purported to be a patent signed by the governor of Kansas, but for the issuance of which there is not and never has been any power, authority or ground whatever; and plaintiff averred that at the date of the pretended patent and issuance thereof the title to said real estate was not in the state of Kansas nor in the governor of the state of Kansas, and said instrument always has been null and void, and asks to have the claim of the defendant adjudged to be unfounded, without right, and to quiet the title in the said plaintiff. On the 13th day of November, 1889, the defendant, Richards, filed an answer and cross-petition containing three separate paragraphs. The first is a general denial that Griffith was the legal and equitable owner of the real property in controversy; the second paragraph alleges that Richards is the legal and equitable owner in fee simple of the land, and the third paragraph alleges that Griffith unlawfully keeps him out of possession of all of said land, and that said defendant has so unlawfully kept him out of the possession of said land ever since the 14th day of June, 1889, and that the net annual rents and issues of the land have been and now are $200, which said Griffith has wrongfully converted to his own use and benefit, and demands judgment against the plaintiff for the possession and recovery of the real property in dispute and for the value of the rents, issues, and profits thereof. Afterward, on the 26th of November, 1889, Griffith replied to the answer of Richards, denying

all new matters set up in the answer of the ·said Richards. At the April term, 1890, this case was tried before the court and a jury. At the conclusion of the evidence, by mutual agreement, the jury was discharged under stipulation that the court make separate findings of fact and conclusions of law, and decide the case. The court thereupon made findings of fact and conclusions of law. As conclusions of law, the court held that Griffith is the equitable owner of the land in controversy ; that he is entitled to have such equitable title to said premises in fee simple adjudged to be in him, and have the same quieted and established in him forever as against the defendant ; and rendered a judgment forever enjoining the defendant from asserting or claiming any right, title or interest in and to the premises, and judgment against the defendant for costs ; that the defendant is not the owner of any right, title or interest in or to said premises, or any part thereof, and is not entitled to recover the possession of said premises or any part thereof. A motion for a new trial was filed by Richards, overruled, and case made, and comes into this court on petition in error, in which the plaintiff in error assigns 47 different grounds of error.

*James Lawrence*, and *A. A. Richards*, for plaintiff in error.

*C. E. Elliott*, for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J.: There are 47 assignments of error in the petition of the plaintiff, many of which are frivolous, and it is unnecessary to notice them ; but we will proceed to consider such of the assignments

of error as we deem necessary to a full determination of this case.

The first error complained of in brief of counsel for plaintiff in error is the refusal of the court to direct the jury, upon the statement of counsel for plaintiff below in making the opening statement of the case to the jury, to return a verdict for the defendant below. Counsel for the plaintiff below, in his statement of the issues to be tried and the evidence relied upon to prove the issues on behalf of the plaintiff in the lower court, after reading the petition, answer and reply, said :

"To the affirmative part of this answer and cross-petition, the plaintiff files a general denial. This presents the issue that you will be called upon to try. I will say that there will be very little for you to decide in this case. The facts of this case will, as they appear in evidence, be that in 1879 J. T. Richmond bought this property. This was school-land belonging to the state of Kansas until 1879, when J. T. Richmond became the purchaser of the land, and made the payment required by law, and the certificate was issued to J. T. Richmond. J. T. Richmond then assigned the certificate to a man by the name of Danford, and Danford made a deed of conveyance to the land, conveying all the title that he had in the land to S. S. Richmond. S. S. Richmond assigned the certificate to Peter W. Arnold, and Peter W. Arnold assigned it to a man by the name of Walter Lee Thompson, and Thompson surrendered the old certificate and took a new certificate, and sold the certificate to Mr. Griffith and his partner Swatzel ; and, after that, Swatzel assigned his interest in the certificate to Mr. Griffith, who ever since that time has been the owner of the certificate. We expect to show that Mr. Griffith has made his payments as the law requires. We also expect to show that he has been in the peaceable possession of this property ever since he became the owner of it, and now is. Of course, we rely upon this

certificate and the payments made under it as the foundation of our claim of title. The evidence will show that Mr. Richards, about the last of June, 1889, in some kind of a mysterious way, turns up with a patent issued by the governor of the state describing this same land, and that he makes a claim by virtue of that patent. He claims that he is the owner of the property. That will be about the evidence on the part of the plaintiff, and when we prove this fact we shall ask a verdict, unless Mr. Richards can show a better title."

The claim of plaintiff is that the mere naked fact that he held a patent from the governor of Kansas for this tract of land is conclusive of his title to the same. We do not think this position can be maintained as the law. It was stated by counsel for plaintiff below in his opening statement to the jury, as is admitted in the claim of both parties, that this land was a part of the lands granted by the congress of the United States to the state of Kansas for school purposes; that it was what is commonly known as "school-lands," and subject to sale by the state through the proper officers designated by the law. (Gen. Stat. of 1889, ch. 92, art. 14.) This act provides for the appraisement of lands and for the sale of the same, and for the issuance of a certificate to the purchaser for the assignment of the same, and for the issuance of a renewal certificate, as follows:

"Any person having heretofore purchased such land, and made partial payments on the purchase-money, and the purchase-money not being due on the same, and who is not in default in the payment of interest due upon such purchase or taxes due upon the land, may, upon surrendering the certificate of purchase to the county clerk in the county in which the said land is situate, take out a new certificate of purchase under the provisions aforesaid, and upon

presenting a new bond in double the amount of the purchase-money remaining unpaid.''

If Griffith could prove all the facts stated in his petition, and those stated by counsel in the opening statement to the jury, he certainly would have established a good title in equity to the land in controversy, and, unless Richards could show a better title, he ought to sustain his action. A patent to lands, either from the state or the United States, is not always conclusive of title to the lands described in the patent itself. If the party who purchased this land at the sale of the school lands and his assignees have made all the payments required by the law, and done and performed all that was required of the purchaser and his assignees, then the title to the land, in equity, would vest in the assignee of the certificate of purchase, and any patent from the governor for the land would be null and void, and the title to the same would vest in the party who was entitled to the patent under the law. Patents are sometimes issued unadvisedly, or by mistake, where the officer has no authority in law to issue them, or where some other party is entitled to the land, having purchased it from the proper officers and complied with all the conditions under the law to entitle him to a deed for the same. A patent is but evidence of a grant, and the officer who issues it acts ministerially, and not judicially. If he issues a patent for land where he has no authority, the patent is void. (*United States v. Stone*, 2 Wall. 535; *A. T. & S. F. Rld. Co. v. Pracht*, 30 Kas. 67; *Stark v. Starr*, 6. Wall. 409; *F. & P. M. Rly. Co. v. Gordon*, 41 Mich. 423.) The court properly overruled the motion to require the jury to return a verdict in favor of the defendant below.

The second error complained of by plaintiff is the

overruling of objections of the defendant below to the introduction of evidence, because the petition failed to state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant. This action was brought under § 594, chapter 80, General Statutes of 1868. The petition alleges that the plaintiff is the legal and equitable owner in fee simple, and in the actual and peaceable possession of the following-described real estate situated in Sumner county, in the state of Kansas, to wit: The east half of the northwest quarter of section 36, township 34, range 3, west of the sixth principal meridian, and that he has been such owner and in such possession for five years last past continuously. Defendant. claims an estate and interest in said real estate, to wit, the title thereto in fee simple, and claims and pretends that he is the owner thereof in fee simple, the particular nature and grounds of which said claim are unknown to the plaintiff, except that the said claim is based upon a certain instrument which purports to be a patent signed by the governor of the state of Kansas, but for the issuance of which there was not and never has been any proper authority or grounds whatever. And plaintiff avers that at the date of said pretended patent and the issuance thereof, the title to said real estate was not in the state of Kansas nor in the governor of the state, and that said instrument is and has always been utterly null and void; that said claim of the defendant is adverse to this plaintiff, and adverse to his title; that the claim of the defendant is unfounded and without right, and the defendant has no right, title, estate or interest in said real estate, nor in any part thereof, and that said claim is a cloud on plaintiff's title, and concludes with the prayer that defendant Richards be required to set forth the nature of

his claim to said premises, and for judgment and decree quieting and establishing in plaintiff his title to said premises in fee simple, and adjudging his title and claim to be valid and perfect, and that defendant's claim is null and void, and that defendant be forever barred and enjoined from asserting any claim to said premises. The petition states facts constituting a cause of action in plain and concise language, and the facts as thus stated, if true, entitle him to the relief demanded, and if he had the legal and equitable title to this land and was in the peaceable and quiet possession thereof, and the defendant was claiming an adverse estate to the land in the manner stated in this petition, the action was properly brought under the code of civil procedure to determine the estate claimed to be adverse to his title, and it was proper in the petition to set out just what the adverse estate claimed was and to state wherein it was adverse and why it was null and void as against the title and estate of the plaintiff, which is fully and plainly stated in this petition. The plaintiff is only required to state the facts that go to make up his cause of action, and the relief sought. He is not required to state the evidence by which these facts are to be established on the trial of the case.

Counsel for the plaintiff in error in their brief say : "The transaction was between the state and the plaintiff. It has received its price for the land, and executed its conveyance. No stranger to this transaction can question its validity ; " and they rely on the case of *Baker v. Newland*, 25 Kas. 26, as authority to establish their position ; but that is not a parallel case. In that case, Newland had forfeited his right to claim under his purchase of the land. He failed in making his payments, and refused and neglected

to pay the taxes assessed against the land. The land was sold for non-payment of taxes, and the certificate duly transferred to the purchaser of the land for taxes. Baker, being the purchaser of the land for taxes, paid the unpaid installments of principal and interest remaining against the land, and on his presenting the certificate of purchase and the proper certificate that he had paid all the installments of principal and interest and that the law had been fully complied with, a patent was issued to him. Newland made no claim to have complied with the law in the purchase of the lands from the state as school lands, but asserted that under the law of congress and by the treaties with the Osage Indians, the land was no part of the school-lands of the state of Kansas, and claimed the right to hold the land as a part of the lands of the United States, and claimed the right to obtain title to it from the United States land office, and had made two ineffectual efforts to obtain title from the United States land office. But in this case Griffith was the assignee of the original purchaser; was in the actual possession under said certificate of purchase; all the installments of principal and interest had been fully paid, and the purchaser and his mesne assignees had in all things complied with the law, and had, by reason of the purchase and payment of the purchase-price, with interest, acquired the legal title to the property, and at the time the governor of the state executed the patent there was no title to the lands in the state, or in the governor, and hence the patent was absolutely void. While Griffith was not a party to the issuing of the patent, he was a party in interest to the land described in the patent, and he had a right to bring and maintain his action to determine the title to this land. (*United States v. Stone*, supra;

*Stark v. Starr,* supra; *F. & P. M. Rly. Co. v. Gordon,* supra.)

Richards relies on the mere naked fact that in some mysterious manner he obtained a patent to this land from the governor of Kansas, without offering any fact in explanation as upon what state of facts the same was founded.   When Griffith set up and established his claim of title to this land and alleged that he procured it by purchase, the assignment of the certificate of purchase, payment of the purchase-price, with interest and the possession thereof, it established his title to the land ; and if there was any fact that would tend to defeat his title, such as the non-payment of taxes or the failure to comply with any other requirements of the law by which the land would be forfeited, it called upon Richards to show it, to set up and prove on what he based a right to the patent. The law does not presume a forfeiture of estate, but it must be established by some evidence.   If the purchaser of 'school-lands and his assignees of a certificate pay all the installments of the purchase-price and the interest according to law, the presumption is that the holder of the certificate is the owner of the land and entitled to the patent ; and if it is thereafter issued to some other person who claims title under it, he will be called upon to prove that in some way under the law he was entitled to receive it.

The assignments of error in the brief of counsel for plaintiff in error, from 3 to 10, both inclusive, are relative to what are claimed as errors in the admission of evidence, and in overruling objections to certain evidence, which it is unnecessary for us to consider in the determination of this case, for the reason that at the conclusion of all the evidence for both parties, by mutual agreement, the jury was discharged under

a stipulation that the court should make special findings of fact and conclusions of law and decide the case. By this stipulation the parties waived any error that might have been committed in the admission of evidence on the trial of the case before the jury, and when the parties stipulated that the court should decide the case, they thereby waived all errors in the proceedings upon the trial up to that time, and agreed that the court should determine the case upon the evidence that was then before it.

The eleventh assignment of error is that the court erred in overruling the demurrer to the plaintiff's evidence. The demurrer was properly overruled. As the plaintiff proved the sale of this land, and issuing of the certificate of purchase by the county clerk, and mesne transfers of the certificate of purchase, and renewal certificate, and the payment of the purchase-price of the land, and the installments of interest thereon, as the same fell due, and the actual possession of the land, we think he had proved a *prima facie* case; but, if the court erred in overruling the demurrer to the evidence, the whole matter was waived by the stipulations after the conclusion of the evidence, to discharge the jury and to submit the decision of the case to the court.

Complaint is made in the remaining assignments in brief of counsel that the court erred in the refusal to find certain facts, and that certain facts found by the court were not in accordance with the evidence, and that they were not sustained by the evidence, and in overruling the motion for judgment on the pleadings and findings of fact, and in the conclusion of law, and also in overruling the motion for a new trial. The court heard all of the evidence, had the witnesses and parties before it, and there was some evidence on all

34—APP.

of the facts found by the court; and where the court has found the facts from the evidence, we cannot disturb its findings, unless there was a clear want of evidence to support some of the facts so found. The court has fully stated the facts as found, and given its conclusions of law on the facts as found, and we think the conclusions of law are correct.

We have examined the record in this case with great care, and have been unable to find any error in the proceedings of the court on the trial of this case that was prejudicial to the plaintiff in error.

The judgment of the district court is affirmed, with costs.

All the Judges concurring.