The North and South Lumber Company v. Henry Hegwer *et al.*

1. Evidence, *Conflicting — Findings Not Disturbed.* Where the trial court tries a case, without a jury, and makes findings of fact on the matters involved in the issues between the parties, and the evidence on the trial was conflicting, and there was evidence tending to sustain the findings of the trial court, the appellate court cannot disturb such findings.

2. Lien for Material — *Separate Contracts — Statement Void.* Where a party furnishes material under contract with the husband of the owner to erect four dwelling-houses on four separate city lots under four separate contracts, and the four lots upon which such dwelling-houses are situated are contiguous, and such houses are all built at the same time, and the materials are all furnished at the same time, the party furnishing such material is entitled to a lien on each lot and the dwelling located thereon upon filing a statement setting forth the amount claimed for the material furnished to erect each dwelling-house and describing the property subject to the lien, verified by affidavit; but where he files one single statement, setting forth the amount claimed for the material furnished for the erection of four dwelling-houses, without apportionment of the material that entered into the erection of each house, and describing four separate lots as one tract of land and claiming a single lien on all of the lots, such statement is null and void.

Memorandum.— Error from Reno district court; L. Houk, judge. Action by The North and South Lumber Company against Flora C. Hegwer, Henry

Hegwer, and others, to foreclose a mechanic's lien. Judgment for defendants. Plaintiff brings the case here. Affirmed. Opinion filed November 9, 1895.

The statement of the case, as made by Johnson, P. J., is as follows :

The North and South Lumber Company, a corporation doing business in the city of Hutchinson, Reno county, Kansas, filed its petition in the district court against Flora C. Hegwer, Henry Hegwer, The Kansas Mortgage Company, H. E. Ball, Alemeda Willesay, and The Russell & Wilcox Hardware Company, to foreclose a lien for material furnished for the construction of four houses on four different town lots in the city of Hutchinson, said lots all being contiguous but being separately numbered. Flora C. Hegwer was the owner of the lots, and Henry Hegwer was her husband, with whom the contract was made for the furnishing of building material. The other defendants were lien-holders, mortgagees, and assignees of mortgage liens. The case was tried by the court, and findings of fact and conclusions of law were made. The findings of fact, so far as any questions are raised, are as follows :

"1. The said defendant, Henry Hegwer, is justly indebted to the plaintiff in the sum of $651.43, upon the cause of action set forth in its petition ; that said sum should bear interest at the rate of 6 per cent. per annum from the date hereof.

"2. The court finds, also, that said indebtedness is for lumber and other building material sold by the plaintiff, The North and South Lumber Company, to the defendant, Henry Hegwer, to be used in the erection and construction of four dwelling-houses, under four separate contracts, upon lots twenty-seven (27), twenty-nine (29), thirty-one (31) and thirty-three (33), Avenue 'F', west, in the city of Hutchinson,

county of Reno, and state of Kansas, as shown by the duly-recorded plat thereof; that said dwelling-houses are located upon each of said described lots; that said lumber and other building material was used in the erection and construction of all said dwelling-houses; that Flora C. Hegwer is, and was at the time of the said purchase, the wife of the defendant, Henry Hegwer, and was the owner of all said real estate; that said lots were designated on the plat of said city as separate and distinct lots of land; that each has a frontage of thirty-three (33) feet, and all are contiguous and front on said Avenue ' F'.

" 3.  The court also finds that all of said dwellings were commenced on or before the 20th of March, 1888.

" 4.  The court also finds that on the 1st day of October, 1888, the said plaintiff filed in the office of the clerk of the district court of Reno county, Kansas, a statement claiming a lien upon all of said dwellings and real estate thereon situated upon all four of said lots and said dwelling-houses jointly, and without apportionment of plaintiff's claims according to the value of the material incorporated into each dwelling, and that said statement was filed within four months after the completion of said dwelling-houses."

Upon these findings of fact the court made a conclusion of law as follows:

"The court concludes further, as a matter of law, that the lien statement of The North and South Lumber Company, having been filed jointly upon all of said four lots and four dwelling-houses, is null and void and does not give said North and South Lumber Company a lien for any of the sums so found due from said Henry Hegwer."

To which finding, ruling and holding of the court the said plaintiff duly objected and excepted.

*D. H. Martin*, for plaintiff in error.

*Wheeler & Switzer*, for defendants in error.

40—APP.

The opinion of the court was delivered by

JOHNSON, P. J.: The first assignment of error is that the findings of fact by the court are not sustained by the evidence and are contrary to the evidence. The court found that Henry Hegwer is justly indebted to the plaintiff in the sum of $651.43 upon the cause of action set out in its petition, and that the indebtedness is for lumber and other building materials sold by plaintiff, The North and South Lumber Company, to defendant Henry Hegwer, to be used in the erection of four dwelling-houses, under four separate contracts, upon lots numbered 27, 29, 31 and 33, Avenue "F" west, in the city of Hutchinson, county of Reno, state of Kansas, as shown by the duly-recorded plat thereof; that said dwelling-houses are located one upon each of said described lots; that the lumber and other building material was used in the erection and construction of all of said dwelling-houses; that Flora C. Hegwer is, and was at the time of said purchase, the wife of the defendant, Henry Hegwer, and was the owner of all of said real estate; that said lots are designated on the plat of said city as separate and distinct lots of land; that each has a frontage of 33 feet, and all are contiguous and front on Avenue "F"; that all of said dwellings were commenced on or before the 20th day of March, 1888; that on the 1st day of October, 1888, the plaintiff filed in the office of the clerk of the district court of Reno county, Kansas, a statement claiming a lien on all of said dwellings and real estate upon which said dwellings were situated, including the four lots and said dwelling-houses, jointly and without apportionment of plaintiff's claims according to the value of the material incorporated into each dwelling, and that said statement was filed

within four months after the completion of said dwelling-houses.

The particular and only error complained of in the facts found by the court is that the court found that the material that entered into the construction of these dwelling-houses was purchased under four separate contracts. It is urged by the plaintiff that there was but one single contract for the furnishing of the material to construct these several dwelling-houses. The evidence on the trial of the case did not prove four separate contracts, but that the lumber was all furnished under a single contract; that there was a contract made with Hegwer for ten house-patterns at one time, and was but a single contract. There was some conflict in the evidence in relation to the arrangement between the lumber company and Hegwer concerning the furnishing of lumber for the several dwellings; but the court trying the case heard all the evidence, had the witnesses before it, and, from all the evidence produced on the trial, has found the facts, and there was evidence on the trial from which these facts could be properly found. This court cannot say that the court erred in its findings. The supreme court of this state has repeatedly held that findings of facts by the trial court will not be disturbed when there is evidence to sustain them. (*Harrington v. Stone*, 39 Kas. 176; *Gafford v. Hall*, 39 id. 166. See, also, *Rouse v. Youard*, ante, p. 270; same case, 41 Pac. Rep. 426; *Richards v. Griffith*, ante, p. 518; same case, 41 Pac. Rep. 196; *A. T. & S. F. Rld. Co. v. O'Melia*, ante, p. 374; same case, 41 Pac. Rep. 440.)

The only other error assigned by plaintiff is in the conclusion of law by the court, based on what plaintiff claims was the erroneous finding of fact, whereby the court concludes as a matter of law

" That the lien statement of The North and South

Lumber Company, having been filed jointly upon all of said four lots and four dwellings, is null and void, and does not give said North and South Lumber Company a lien for any sum so found due from said Henry Hegwer.''

The right to have and enforce a lien on buildings, and land upon which they are situated, for material furnished under contract with the owner is not a common-law right, but a right conferred by statute, and in order to establish or to enforce a lien the statute must be strictly pursued. The plaintiff claims a right to a lien under §§ 630 and 632 of chapter 80, Compiled Laws of 1885, being § 1 of chapter 141, Laws of 1872. So much of said sections as is necessary to consider reads as follows :

'' Sec. 630. Any mechanic or other person who shall, under contract with the owner of any tract or piece of land, his agent or trustee, or under contract with the husband or wife of such owner, perform labor or furnish material for erecting, altering or repairing any building or the appurtenance of any building, or in any erection or improvement, or shall furnish or perform labor in putting up any fixtures or machinery in or attachments to any such building or improvement, . . . shall have a lien upon the whole piece or tract of land, the buildings and appurtenances in the manner herein provided. . . .''

'' Sec. 632. Any person claiming a lien as aforesaid shall file in the office of the clerk of the district court of the county in which the land is situated a statement setting forth the amount claimed and the items thereof as nearly as practicable, the name of the owner, the name of the contractor, the name of the claimant, and a description of the property subject to the lien, verified by affidavit. Such statement shall be filed within four months after the completion of the building, improvements, or repairs, or the furnishing or putting up of fixtures or machinery. . . . The clerk of the district court shall imme-

diately upon the receipt of such statement enter a minute of the same in a book kept for that purpose, to be called mechanic's lien book.    Such docket shall be ruled off into separate columns, with heads as follows : When filed, name of owner, name of contractor, name of claimant, amount claimed, description of property, and remarks ; and the proper entry shall be made under each of such heads.''

The first and principal question in this case is as to the correctness of the mode or manner adopted by the plaintiff in filing its claim for a lien against the dwelling-houses and the land upon which they were situated.    It filed a statement setting forth the amount claimed and the items thereof in gross, and charged the items forming its claim as one entire claim against all the dwelling-houses and upon all the lots on which they were located, in the same manner as though the material had all been furnished under one contract for the construction of one house on one single tract of land.    If the plaintiff made four separate contracts to furnish building material for the erection of four different dwelling-houses, and the dwelling-houses were each located upon separate lots, it would be entitled to a lien on each of such houses and the piece or parcel of land upon which each is constructed. The plaintiff was not entitled to a single lien on the whole of these lots for its entire claim, because the houses were not all on the same lot, nor was the lumber furnished under one contract, but was furnished for each house under a contract for that house alone, and because it did not apportion or divide the claims for a lien upon each house separately, and did not file a separate statement setting forth the amount claimed and the items thereof for the material furnished for the construction of each house separately.    The statute which gives a lien to the party furnishing material for

the erection or improvements upon land under a contract, etc., gives a lien upon the whole piece or tract of land with the buildings and appurtenances.  The words "whole piece or tract of land" confine a lien to the particular piece or tract of land upon which the building is located or improvement made, and the court having found that each of these houses was built upon a separate lot in the city of Hutchinson, Reno county, Kansas, as shown by the recorded plat thereof, the lien must be confined to the particular lot upon which the building was erected, as each city lot is bounded and described on the plat and separated from adjacent property, and is a separate piece or parcel of land.  The word "lot" denotes a single piece or parcel of land, lying in a solid body and separated from contiguous land by such subdivisions as are usual to designate different tracts of land, and in the subdivision of a tract of land into city lots, each lot in the city constitutes but a single piece or parcel of land, as it is separated from other adjoining lands by the designation, and its number and contents are shown by the plat that is of record.  By contracting for the material for the erection of those four dwelling-houses by four separate contracts, the plaintiff could not legally file a single statement or claim a lien thereon as though the lots constituted one single piece or parcel of land and the material was furnished under one contract.  By making four different contracts for furnishing building material for the erection of four different houses, the plaintiff cannot unite his claim all in one single statement against all of the property, where it might have filed a single lien on each lot separately for the material that went into the erection of each separate dwelling-house.  Not having done so, its statement was null and void and cre-

ated no lien on the four separate lots, and the district court did not err in so concluding from the facts found.

The judgment of the district court is affirmed.

All the Judges concurring.