## PARKER v. WALKER *et al.*

No. 4591. Opinion Filed July 6, 1915.

(150 Pac. 690.)

1. **MECHANICS' LIENS—Lien Claim on Several Properties—Single Contract.** Where a single entire contract is made with a materialman to furnish material for building houses on noncontiguous lots, and no request is made to keep separate accounts of the material which is used in the several houses, one lien claim may be filed against all of the lots and buildings for which the lien claimant has furnished material which has actually gone into the buildings.

2. **MECHANICS' LIENS—Lien Statement—Sufficiency.** A lien claim which sets out the name of the claimants, the amount claimed, and the terms thereof, the name of the owner, and that the material used was furnished under a contract with such owners, the description of the property, and that the material was furnished on the buildings being erected on the described land, that the amount shown is due and unpaid, which statement is duly verified, is sufficient.

(Syllabus by Devereux, C.)

*Error from District Court, Texas County;*
*R. H. Loofbourrow, Judge.*

Action by C. A. Walker and others against L. W. Parker. Judgment for plaintiffs, and defendant brings error. Affirmed.

It appears that the plaintiffs below were dealers in building material, and on March 24, 1908, entered into a contract with G. W. McCon to furnish material for two buildings and a barn on lots 1, 2, 3, 11, and 12 in block 6 in the town of Hooker, Okla., and the evidence fairly shows that it was an entire contract to furnish the material for the three buildings. The lien claim filed, and to enforce which this action is brought, attaches itemized accounts of the material furnished, but does not state in which house it was used, and then states:

"That the sum is just, due, and unpaid, and we have and claim a lien upon the said buildings and premises on which the same is situated. That the amount of said lien is $802.50, as above set forth, according to the laws of the state of Oklahoma."

The affidavit to this lien claim is as follows:

"STATE OF OKLAHOMA, COUNTY OF TEXAS.

"C. A. Walker, of lawful age, being first duly sworn, upon his oath, says that he is one of the claimants in the foregoing statements of materialman's lien. That he has read said statements and knows the contents thereof; that the name of the owner, the names of the claimants, the description of the property upon which the lien is claimed, and the items of the account as therein set forth, are just, true and correct.

"C. A. WALKER.

"Subscribed and sworn to before me this 18th day of September, 1908. J. W. JORDON,
"Notary Public. [Seal.]"

It appears that McCon was the owner of the land, and constructed the buildings himself. As we gather from the record, after the construction of the buildings was commenced, the plaintiff in error purchased all of the land from McCon, and the only contention in this

court is between him and the lien claimants.  The court entered judgment sustaining the lien, and L. W. Parker, the purchaser, brings the case to this court by petition in error and case-made.

*V. H. Grinstead,* for plaintiff in error.

*Harris & Bernstein* and *S. A. Horton,* for defendants in error.

Opinion by DEVEREUX, C. (after stating the facts as above).  Two principal assignments of error are urged in this court:  First, that the lien is void and not enforceable, because the material was used in the construction of two buildings, the sizes of same being unknown to the plaintiff, one being located on lots 11 and 12, block 6, the other on lots 1, 2, and 3, in the same block, also a barn on the last-named lots, and that said lots are not contiguous, although located on the same block; and, second, that the verification to the lien statement is not sufficient. Rev. Laws 1910, sec. 3862, provides:

"Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, or furnish material for the erection, alteration, or repair of any building, improvement, or structure thereon;  *  *  *  shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances."

The question is whether, under the statute, where there is a single, entire contract to furnish material for two or more houses on land that is not contiguous, can a single lien be filed on all the land?  In *Bohn Sash & Door Co. v. Case,* 42 Neb. 281, 60 N. W. 576, it is held:

"Under an entire contract for the erection of buildings on lots not contiguous to each other, one claim for a mechanic's lien may properly be filed against both improved properties, where the claimant to such lien has contributed material or labor to both improvements."

*Guarantee Savings, Loan, etc., Co. v. Cash* (Tex. Civ. App.), 87 S. W. 749, holds:

"Where a contract for improvements showed that the material and labor were furnished for three different houses under a single contract, failing to specify how much could be used or expended on each respective house, and there was no agreement as to the price of the material or labor expended on each house, each separate lot was subject to a lien for the entire debt."

In *Lax v. Peterson*, 42 Minn. 221, 44 N. W. 3, four houses were built separately on the same tract of land, under an entire contract, and it was held that the lien extended to the whole premises as an entirety. In the opinion it is said:

"By contracting for the erection of these four houses under one entire contract, they have connected the two city lots and the several buildings and treated the whole as one tract or estate. Had the houses been contiguous, so as to form one solid block, according to all the authorities, the lien would have extended to the whole property, although consisting of different city lots, according to the the plat, and although the different parts of the block were designed to be used separately, and not as appurtenant to each other. But that case would not differ from the present unless we attach special significance to the literal reading of the statute, which uses the words 'house' and 'dwelling' in the singular. This would be to defeat the spirit of the law by a too strict adherence to its letter."

In *Pennock v. Hoover*, 5 Rawle (Pa.) 291, the right to a joint lien upon several houses, the property of the same person, was upheld under a statute which provided that every dwelling house or building shall be subject to the payment of debts contracted for building it. In *Sergeant v. Denby*, 87 Va. 206, 12 S. E. 402, two houses

were built on opposite sides of the street, under a single contract for an entire price for the construction of the two houses, and a lien was claimed on both houses and lots. The defense was that the lien was void, because the lien given by statute is a separate and distinct lien on each building for the amount of material actually delivered for its construction, but the lien was held valid. The lien law of the District of Columbia (Act Feb. 2, 1859, c. 17, 11 Stat. at Large, 376) provided that any person who should, by virtue of a contract with the owner of any building, perform labor or furnish material for the construction or repair thereof should, upon filing the proper notice, have a lien upon the building and lot upon which it was situated. With this law in force, one Gilbert, the owner of the land, contracted with Phillips to furnish the material and build six houses thereon, for an aggregate price. Gilbert having failed in his payments Phillips filed one lien on all six buildings, and the question finally came before the Supreme Court of the United States in *Phillips v. Gilbert,* 101 U. S. 721, 25 L. Ed. 833, and the lien was held good, the court saying:

"We are satisfied, therefore, that when this suit was commenced the complainant's lien was good against the property for the amount found by the jury to be due to him, unless it was void for the reason stated in the demurrer of Boughton and Moore, namely, its being claimed on the whole row of buildings, and not on the buildings separately. We think, however, there is nothing in this objection. The contract was one, and related to the row as an entirety, and not to the particular buildings separately."

In *Doolittle v. Plenz,* 16 Neb. 153, 20 N. W. 116, it is held:

"When a mechanic enters into a contract to erect a building or buildings for a specified sum, the contract being entire, he need not make a detailed statement of his labor and materials, but the entire 'job may be set down as a single item."

The same principle is decided in *Bowman Lumber Co. v. Newton*, 33 N..W. 377; *Meixell v. Griest*, 1 Kan. App. 145, 40 Pac. 1070.

The plaintiff in error cites *Chapin v. Perse*, 79 Am. Dec. 263, but it appears in that case that the materialman was requested to, and did, keep a separate account of the amount of material furnished to each building. *Mulvane v. Lumber Co.*, 56 Kan. 675, 44 Pac. 613, is not in point, for the case only decides that one lien statement is sufficient when the lots are contiguous, but the question did not arise, and was not decided, as to the validity of one lien statement when the contract is entire for the construction of houses on lots not contiguous. *North & South Lumber Co. v. Hegwer*, 1 Kan. App. 623, 42 Pac. 388, is not in point, because in that case there were four separate contracts for the four houses. In Connecticut the rule is different, but in a note to *Wilcox v. Woodruff*, 61 Conn. 578, 24 Atl. 1056, 17 L. R. A. 314, 29 Am. St. Rep. 222, it is said:

"The law in Connecticut as shown by the above decision differs from that in most of the other states. * * * In most states a single lien on several separate buildings is allowed."

We therefore hold that where a single contract is made to furnish material for the buildings on different lots, and no request is made to keep the accounts of each building separate, a single lien may be filed on all the buildings.

The next assignment of error is that the affidavit to the lien claim is not sufficient. The lien claim is as follows:

"That we, C. A. Walker and C. Walker, have a claim against G. W. McCon for the sum of $802.50, due us, and that the claim is made for and on account of lumber and cement blocks, piping for waterworks furnished to this defendant, and that such lumber and cement blocks, piping for waterworks was furnished by us between the 24th day of March and June 6, 1908, according to an itemized statement thereof, which is hereto attached, marked 'Exhibit A,' and made a part of this statement. That such lumber and cement blocks, piping for waterworks was furnished in pursuance of a contract with G. W. McCon, the owner, and was furnished on the buildings that were being erected on the lots by G. W. McCon and described as follows, to wit: Lots Nos. 1, 2 and 3 in block No. 6, and lots Nos. 11 and 12 in block No. 6, in the town of Hooker, Texas county, Okla. That the sum is just, due, and unpaid, and we have a claim and lien upon said buildings and upon the said premises on which the same is situated. That the amount of said lien is $802.50, as above set forth, according to the laws of the state of Oklahoma."

The affidavit which is attached to the lien claim is set out in full in the statement of facts. The statute (Rev. Laws 1910, sec. 3863) requires:

"Any person claiming a lien as aforesaid shall file in the office of the clerk of the district court of the county in which the land is situated a statement setting forth the amount claimed and the items thereof as nearly as practicable, the names of the owner, the contractor, the claimant, and a description of the property subject to the lien, verified by affidavit."

The lien claim set out: First, that C. A. Walker and C. Walker claim the lien for the sum of $802.50, on

account of lumber, etc., furnished, and attach an itemized statement; second, that such material was furnished G. W. McCon, the owner, under a contract with him for buildings on the lots described in lien statement; third, that the sum is just, due, and unpaid, and a lien is claimed for $802.50. This statement is duly verified. The case of *Newman v. Brown*, 27 Kan. 121, cited by plaintiff in error, is not in point, for there the name of the owner was omitted. In the case at bar the name of the owner is given. *El Reno Electric Light, etc., Co., v. Jennison*, 5 Okla. 759, 50 Pac. 144, is also cited by the plaintiff in error to show that the verification in this case is not sufficient. But the two verifications are essentially different. In the El Reno Case the affidavit was only that the statement was a true and correct statement of the labor done and material furnished, but was silent as to the other requirements of the statute. This is essentially different from the affidavit in this case.

What is said above disposes of the case, and we do not find any error in the other assignments.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.