William J. HUGHEY and Thelma J. Hughey, Husband and Wife, Plaintiffs in Error,

v.

J. B. CADENHEAD et al., Defendants in Error.

No. 39946.

Supreme Court of Oklahoma.

Jan. 7, 1964.

Rehearing Denied March 3, 1964.

Robert W. Booth, Frank R. Hickman, Tulsa, for plaintiffs in error.

LeRoy Blackstock, Tulsa, for defendant in error Square Deal Lumber Co., a corporation.

George E. Brewer, Tulsa, for defendants in error Tulsa Ready-Mix Concrete Co., a corporation, Ajax Electric Co., a corporation, Sapulpa Brick and Tile Corp., and Irven Rhodes, d/b/a The Rhodes Co., and no others.

WELCH, Justice.

The question presented by the appeal is whether the liens of mechanic's and materialmen's claims are entitled to priority in payment over the lien of a real estate mortgage from the proceeds of a sale of the property to which they attach under the circumstances presented.

On December 3rd, 1960, J. B. & Lee Cadenhead executed and delivered their promissory note in the sum of $4,749.00 payable three months from date, in favor of plaintiffs William L. Hughey, Thelma J. Hughey and Gerald C. Pickering as part of the consideration for purchasing from William L. Hughey and Thelma J. Hughey, husband and wife, lots 2, 4 and 5 of the re-subdivision of lot 1, block 1, North Highland Acres Addition to the City of Tulsa, Tulsa County, Oklahoma. The note was secured by a real estate mortgage covering said property. Default occurred and plaintiffs filed suit against the makers and certain mechanics and materialmen's lien claimants, for judgment on the note, foreclosure of the real estate mortgage and the quieting of title to the property against claims of all defendants, including the lien claimants. Judgment was entered in favor of plaintiffs against J. B. and Lee Cadenhead on the note and for foreclosure of the mortgage, but the mortgage lien was therein decreed to be inferior and subordinate to all the lien claims of the defendant mechanics and materialmen.

Under date of December 5, 1960, the purchasers of the realty, defendants J. B. Cadenhead and Lee Cadenhead, by a single written contract, procured the defendant, The Rhodes Company, to construct three houses on the property. Evidence at the trial adduced by the defendants was that a project of building construction began on the 6th day of December, 1960, by the performance of labor on the part of contractor, Irven Rhodes, Roger Rhodes, and one other person who staked out the corners of all three building sites and hauled material from Irven Rhodes' home to the location, for a period of one hour. That on the 7th day of December, 1960, Irven and Roger Rhodes and two employees of defendant, The Rhodes Company, worked eight hours digging foundation footing and setting up "batter boards" at two of the house sites. That from the 6th day of December, 1960, the work of the contractor and that of the other lien claimants engaged in the construction was continuous.

Plaintiffs' mortgage was recorded at 4:07 P.M., on December 7th, 1960

On plaintiffs' behalf witnesses testified that the initial work on the project began December 9th, 1960, rather than on December 6, 1960; witnesses who had opportunity to observe testified that they saw no evidence of performance of labor or furnishing of material at the property at any date prior to the 9th day of December, 1960. Plaintiffs contend that even if work had begun two days earlier as stated by defendants that staking corners and putting up "batter boards" and digging trenches was no improvement of the property such as can be made a basis for the date when construction was started; that the start of construction is the actual laying of the footings and that occurred subsequent to the recording of plaintiffs' mortgage.

The deed granted by the plaintiffs Hughey to the Cadenheads had not been filed of record at trial time. The applicable statute would therefore be 42 O.S.1961 § 141, which in part, provided:

"Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, or furnish material for the erection * * * of any building * * * thereon or perform labor in putting up any fixtures, * * * in * * * any such building, * * * or who shall build * * * or furnish labor or materials for building * * * shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances. * * * Such liens shall be preferred to all other liens or encumbrances which may attach to or upon such land, buildings or improvements or either of them subsequent to the commencement of such building, * * * and compliance with the provisions of this Article shall constitute constructive notice of the claimant's lien to all purchasers and encumbrances of said property * * * subsequent to the date of the furnishing of the first item of material or the date of the performance of the first labor."

■ The trial court found that the construction of the building project was begun by the contractor, Rhodes, prior to the filing of the mortgage and that therefore the lien of the contractor, as well as all of the other lienholders, attached as of 8 o'clock, A.M. December 6, 1960, when the work started of staking out the corners and the bringing of materials for that purpose.

On an appeal of an issue to which the above mentioned section of statute applied this court held in Industrial Tile Company v. Home Federal Savings & Loan Ass'n of Tulsa, Okl., 331 P.2d 918, where the erection of a building is one continuous project, all liens for labor performed on, and material furnished for, such building have their priority dating from the commencement of the building, and are coequal and superior to an encumbrance placed thereon subsequent to its commencement, during the

course of its construction, and prior to the expiration of the lien filing period after its completion.

■ The finding of the trial court in this respect was adequately supported by testimony of witnesses for the defendants. Witnesses for the plaintiff gave testimony that tended to contradict the point; they testified that they saw the property on the dates of December 6th and 7th and that they did not see any work going on. It is urged that plaintiffs' witnesses were disinterested in the construction and as a matter of law and of fact the trial court should have afforded them greater credibility than testimony of defendants' witnesses who were interested in the outcome of the litigation. The contention goes to the credibility of the witnesses rather than to their competency. 12 O.S.1961 § 381 provides that no person shall be disqualified as a witness in a civil action or proceedings by reason of his interest, but that such interest may be considered as affecting his credibility. A decision as to the consideration to be given to the testimony of such witness is for the trier of the facts.

Plaintiffs contend that setting corner stakes· and "batter boards" and digging of trenches for footings are but preliminary preparations for construction, do not constitute an improvement of the realty in the manner, for instance, that pouring of concrete for a foundation does, and should not be considered as commencing the lien time under the wording of the statute which refers to performance of labor or furnishing of materials. A correct conclusion as to the point would seem to depend upon the circumstances involved; conceivably a lapse of sufficient time between the performance of such and the continuation of a construction project, or the pouring of concrete for foundations, would differ from one which progressed without lapse of time from such usual and necessary beginning. A determination of the contention raised seems appropriate for the trier of the facts.

■ In Preston v. Ross, 205 Okl. 164, 236 P.2d 244, we held that in cases of equitable cognizance we will examine the evidence, but will not disturb the trial court's findings and judgment unless it appears that such are against the clear weight of the evidence. We have examined the record here and determine that the findings and judgment of the trial court are not against the clear weight of the evidence.

■ Plaintiffs also present an alternative proposition that should it be determined that the performance of labor or furnishing of material began at a time prior to the filing of their mortgage in the sense that the construction then started that such determination be limited so as not to include all three houses. In this connection the evidence showed labor performed prior to the filing of the mortgage, by setting corner stakes and "batter boards" and digging of trenches for foundation footing at but one or two of the three houses. Material furnished, brought from the contractor's home, for such purpose were for use as to all three houses, but by the filing time of the mortgage, had not been used on at least one house site. As to the proposition, the record shows the lien of defendants was single, covering the three lots. The contract also was a single one for the furnishing of all materials and labor necessary for the work specified therein on premises located at 2302, 2306 and 2312 East 48th Street North. Under the holding of this court in Parker v. Walker, 48 Okl. 705, 150 P. 690, 10 A.L. R. 1022, 1023, the judgment of the trial court in the instant case that the contract was not severable is correct.

Affirmed.