**MIDLAND MORTGAGE COMPANY, an Oklahoma corporation, Appellant,**

v.

**SANDERS ENGLAND INVESTMENTS, an Oklahoma General Partnership, et al., Defendants,**

and

**Hammond Engineering Company, an Oklahoma corporation, Appellee.**

No. 58629.

Supreme Court of Oklahoma.

March 20, 1984.

Rehearing Denied June 18, 1984.

Blackstock, Joyce, Pollard, Blackstock & Montgomery by Edward F. Montgomery, and William F. Smith, Tulsa, for appellant.

Sublett, McCormick, Andrew & Keefer by Joseph A. McCormick and Lynn Swander, Tulsa, for appellee.

HODGES, Justice.

The dispositive issues on certiorari are whether surveying by an engineering firm prior to the recordation of a mortgage is a superior lien to that of the mortgage lien; and if Hammond Engineering Company, appellee, is estopped from asserting its mechanic's and materialman's lien.

Hammond Engineering Company orally agreed to perform all engineering work in conjunction with development of realty owned by Sanders England Investments (landowner). Between May 14, 1971, and April 28, 1975, Hammond surveyed the realty, set permanent iron pins and marked the boundaries of the property. On December 31, 1973, Sanders England executed a promissory note in the amount of $1,250,-000 to Midland Mortgage Co. (mortgagee) to secure financing for the development project. Before Midland filed its mortgage of record, it requested a pre-mortgage site inspection from Hammond. On January 15, 1974, Hammond reported that: selected tree removal had occurred, grass strippings were being removed from the top soil and stockpiled on the property; no building materials were present on the site and no construction had been started. Midland filed its mortgage on the same day. On May 1, 1975, Sanders England defaulted on its note to Midland which brought foreclosure proceedings and joined Hammond. A verified mechanic's and materialman's lien was filed by Hammond on August 22, 1975. Hammond cross-claimed and sought to have its lien declared superior to the mortgage. The trial court found that Hammond's lien was superior to the mortgage. Midland appealed: the Court of Appeals reversed the trial court, held the mortgage to be superior, and extinguished the lien.

## I, II

Hammond contends that the Court of Appeals erred when it determined that the engineering services could not be impressed as a mechanic's and materialman's lien pursuant to 42 O.S. 1981 § 141,[1] because they were neither continuous, the beginning of construction, nor the improvement of realty; and that it further erred when it overruled the factual findings of the trial court even though the findings were not against the weight of the evidence.

The mechanic's and materialman's lien statute does not require that the labor performed for the erection of any building be part of the permanent construction of the building, or that it be continuous or visible. It provides that any person who, under oral or written contract performs labor or material for the improvement of land, has a lien which takes preference over all other liens which may attach upon the land after the date of the performance of the first labor on the land. Whether surveying by an engineering firm entitles it to a lien pursuant to 42 O.S. 1981 § 141 is a question of first impression. However, this Court has defined the improvement of land described in § 141 as including any and every character of im-

1. Title 42 O.S. 1981 § 141 provides in pertinent part:

"Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, furnish material or lease or rent equipment used on said land for the erection, alteration or repair of any building, improvement or structure thereon or perform labor in putting up any fixtures, machinery in, or attachment to, any such building, structure or

improvements; or who shall plant any tree, vines, plants or hedge in or upon such land; or who shall build, alter, repair or furnish labor, material or lease or rent equipment used on said land for buildings, altering, or repairing any fence or footwalk in or upon said land, or any sidewalk in any street abutting such land, shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances...."

provement on realty.[2] We find that the services performed by Hammond constituted an improvement of the realty. Because these services were lienable, Hammond's lien has priority of the mortgage because the first work done on the land preceded the filing of the mortgage.

 Whether the work performed under the statute is lienable is a question for the trier of the facts. The trial court's findings and judgment will not be disturbed unless they are clearly against the weight of the evidence.[3] We find that the findings and judgment of the trial court are neither contrary to 42 O.S. 1981 § 141, nor against the clear weight of the evidence.

### III

Hammond also asserts that it was not estopped from asserting its lien. We agree. Before Hammond can be estopped from claiming that its lien is superior to the mortgage, the following elements of estoppel must be present:[4]

"1. There must exist a false representation or concealment of material facts.

"2. It must have been made with knowledge, actual or constructive, of the facts.

"3. The party to whom it was made must have been without knowledge of the facts.

"4. It must have been made with the intention that it should be acted upon.

"5. The party to whom it was made must have relied on, or acted upon it, to his prejudice."

The requisites of estoppel are not present because: Midland knew Hammond had performed engineering service and had placed permanent pins on the property; and the parties stipulated that Hammond was the engineer for the project, and that Midland had required surveys of the property to be made and submitted prior to the granting of the loan.

CERTIORARI GRANTED. OPINION OF THE COURT OF APPEALS VACATED. JUDGMENT OF THE TRIAL COURT AFFIRMED.

BARNES, C.J., SIMMS, V.C.J., and LAVENDER, HARGRAVE, OPALA and WILSON, JJ., concur.

---

2. See *Green v. Reese,* 261 P.2d 596, 598 (Okla. 1953); *Peaceable Creek Coal Co. v. Jackson,* 26 Okl. 1, 108 P. 409, 411 (1910). See also, Annot., "Surveyor's Work As Giving Rise To Mechanic's Lien," 35 A.L.R.3d 1391-93 (1971).

3. *Hughey v. Cadenhead,* 389 P.2d 973 (Okla. 1964).

4. See *Mager Mtg. Co. v. Ferguson,* 208 Okl. 304, 255 P.2d 938, 940 (1953).