778 P.2d 933 (1989)
Fred STERN, Appellant,
v.
GREAT PLAINS FEDERAL SAVINGS AND LOAN ASSOCIATION, a Federal Association, Appellee, and
Cape Cod, Inc., a Corporation, and Westside Properties, a Corporation, Defendants.
No. 68983.
Court of Appeals of Oklahoma, Division 1.
July 11, 1989.
*934 Roger O. Housley, Norman, for appellant.
Daniel A. Woska, Oklahoma City, for appellee.
Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 1.

MEMORANDUM OPINION
GARRETT, Presiding Judge.
Appellant Fred Stern, an architect, brought this action against Westside Properties and Cape Cod, Inc. (Defendants) for the value of his services as an architect in a condominium construction project. Appellant filed a mechanics and materialmen's lien, pursuant to 42 O.S. 1981 § 141, against the property for the sum of $49,000.00, for services on Phases II and IV of the project, for preparation of plans and specifications. Appellee Great Plains Federal Savings and Loan Association (Great Plains) was joined as a party because it posted bond to release the lien.
A jury trial was held. After Appellant rested, Great Plains filed a motion to dismiss, raising the issue whether or not Appellant's claim for services rendered is lienable under 42 O.S. 1981 § 141. The trial court granted Great Plains' motion. In the order the trial court found:
In this matter, I find that neither the value of any services rendered by Mr. Stern have been proven, and further find that, even if proven, the services and claims are not lienable under [the law of] the State of Oklahoma.
The trial court entered judgment in favor of Great Plains as to Appellant's claims against it. Defendants (other than Great Plains) offered to confess judgment in Appellant's favor for $30,000.00, which Appellant accepted. Judgment was entered accordingly. The trial court also declined to rule on Great Plains' request to release its bond posted with the Cleveland County Clerk to discharge the lien and also declined to rule on Appellant's request to amend his lien statement in light of its previous ruling. At a later date, the trial court granted Appellant attorneys fees and costs against the Defendants, and granted Great Plains attorney fees and costs against Appellant.
Appellant raises three propositions of error: (1) that the trial court erred in finding the value of his services were not proven and in taking that issue from the jury; (2) that an architect is entitled to claim a lien *935 for enhancement in value or improvements which do not necessarily require physical construction or alteration of the real property; and (3) Great Plains was not a proper party to this action and is not entitled to attorney fees or costs.
We think our first consideration should be whether an architect is entitled to claim a lien in Oklahoma under 42 O.S. 1981 § 141.[1] This statute does not specifically mention an architect's services. However, we find the case of Midland Mortgage Company v. Sanders England Investments, 682 P.2d 748 (Okl. 1984) instructive on this issue. One issue therein was whether an engineering firm's mechanic's lien for surveying work was superior to a mortgage lien. The surveying occurred prior to the recordation of the mortgage. Midland was a case of first impression on the issue of whether surveying by an engineering firm entitles it to a lien under 42 O.S. 1981 § 141. The Supreme Court held that such work was covered by the statute. The Court stated:
The mechanic's and materialman's lien statute does not require that the labor performed for the erection of any building be part of the permanent construction of the building, or that it be continuous or visible. It provides that any person who, under oral or written contract performs labor or material for the improvement of land, has a lien which takes preference over all other liens which may attach upon the land after the date of the performance of the first labor on the land. Whether surveying by an engineering firm entitles it to a lien pursuant to 42 O.S. 1981 § 141 is a question of first impression. However, this Court has defined the improvement of land described in § 141 as including any and every character of improvement on realty. (Emphasis added) (Footnotes omitted).
682 P.2d at 749-750. The nature of the work done by an architect, e.g., plans and specifications which are drawn prior to the first work done on the land, is work which is not seen on the land itself. However, it leads to the work which is done on the land. These services are necessary before the actual physical construction upon the land can take place, and without which such construction would not occur. We hold that the services of an architect in the preparation of plans and specifications which are used in the work done on the land are improvements of land and are thus lienable claims under 42 O.S. 1981 § 141. See Midland Mortgage Company v. Sanders England Investments, supra; Green v. Reese, 261 P.2d 596 (Okl. 1953), citing Peaceable Creek Coal Co. v. Jackson, 26 Okl. 1, 108 P. 409 (1910).
It is next necessary to decide whether Appellant's architectural services, in this case, are lienable claims under § 141. Pertinent language of this statute reads as follows:

*936 Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, furnish material or lease or rent equipment used on said land for the erection, alteration or repair of any building, improvement or structure thereon or perform labor in putting up any fixtures, machinery in, or attachment to, any such building, structure or improvements; ... or who shall build, alter, repair or furnish labor, material or lease or rent equipment used on said land for buildings, altering, or repairing any fence or footwalk in or upon said land, or any sidewalk in any street abutting such land, shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances... . (Emphasis added).
We find that the emphasized language of the statute and the above-cited quotation from Midland, supra, contemplate that labor, such as that performed by Appellant, is lienable only when it results in some actual "erection, alteration or repair of any building, improvement or structure thereon". In other words, we find the lien statute contemplates that the land is improved through some "erection, alteration or repair" of a building, improvement or structure on the land. An architect's work need not be the actual work done on the land; however, to be lienable, it must be services which results in work being done on the land. In this case, Phases II and IV were never funded or constructed. Thus, Appellant's architectural services for Phases II and IV, as shown on the statement attached to his lien, were not used to improve this property and are not lienable claims under 42 O.S. 1981 § 141.
Having decided that Appellant's claims are not lienable under 42 O.S. 1981 § 141, it is unnecessary to decide the issue of whether he proved the value of his services.
We note that Appellant attempted to amend his lien statement to include services for Phase I. The trial court reserved ruling on the request pending submission of evidence by Appellant regarding the request. The trial court eventually denied the request to amend. The testimony at trial showed Phase I was built in 1985, and Appellant testified that the plans for Phase I were being revised after that. However, he admitted that Phase I was not being physically revised. Further testimony shows that no physical changes were made on Phase I:
Q. Nothing was done physically to Phase One, was there? I mean, based on your changes with Mr. Clayton, physically nothing was done?
A. No, sir. Nothing was done physically on Phase One, water lines or sewer.
We agree with Great Plains that the evidence did not show that purported changes to the plans for Phase I were used or incorporated into the project itself. We further note that Appellant does not raise as a proposition of error the trial court's failure to amend the lien statement. Appellant does contend that the entire project was a Planned Unit Development (PUD) and is considered as one single unit. He contends that any work done on any phase of the project affects the entire project. However, Appellant's lien statement only addressed Phases II and IV, and the lien statement was not amended. Further, no proposition of error was raised as to the failure of the court to allow Appellant to amend the lien statement.
Appellant's last proposition of error is that Great Plains is not a proper party to this action and should not be entitled to attorney fees and costs. Appellant, as plaintiff, filed this action against Great Plains and thereby made it a defendant and a party to the action. The record supports Great Plains' contention that it defended this lawsuit to protect its bond money. This contention has no merit.
42 O.S. 1981 § 176 provides:
In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action.
The successful defense of a lien foreclosure action entitles that party to attorney fees under § 176. See also The Company, *937 Inc. v. Trion Energy, 761 P.2d 470 (Okl. 1988); Sooner Pipe & Supply Corp. v. Rehm, 447 P.2d 758 (Okl. 1968). In the instant case, Appellant did not contest the reasonableness of the amount of the fees. We find the award of attorney fees and costs to Great Plains was proper under the above statute and cited authorities.
The judgment of the trial court is AFFIRMED.
HUNTER and MacGUIGAN, JJ., concur.
NOTES
[1] The statute provides, in pertinent part:

Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, furnish material or lease or rent equipment used on said land for the erection, alteration or repair of any building, improvement or structure thereon or perform labor in putting up any fixtures, machinery in, or attachment to any such building, structure or improvements; ... or who shall build, alter, repair or furnish labor, material or lease or rent equipment used on said land for buildings, altering, or repairing any fence or footwalk in or upon said land, or any sidewalk in any street abutting such land, shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances. If the title to the land is not in the person with whom such contract was made, the lien shall be allowed on the buildings and improvements on such land separately from the real estate. Such liens shall be preferred to all other liens or encumbrances which may attach to or upon such land, buildings or improvements or either of them subsequent to the commencement of such building, the furnishing or putting up of such fixtures or machinery, ... or the making of any such repairs or improvements; and such lien shall follow said property and each and every part thereof, and be enforceable against the said property wherever the same may be found, and compliance with the provisions of this act shall constitute constructive notice of the claimant's lien to all purchasers and encumbrancers of said property or any part thereof, subsequent to the date of the furnishing of the first item of material or the date of the performance of the first labor or the first use of the rental equipment on said land.